## JOHN M. BROOKS v. THE STATE.

### No. 765. Decided June 12, 1895.

[NOTE.—This case should properly have appeared in Volume 35 of the Texas Criminal Reports, but only came recently to the hands of the Reporter.]

**1. Cattle Theft—Ownership—Brands—Title by Limitation—Charge.**

On a trial for theft of cattle, where the alleged owner, as superintendent of the K. L. & C. Co., had the actual care, control and management of the cattle belonging to said company, which were branded L E N; and said superintendent had had possession of and claimed the cow, which was branded in said brand, for more than two years as belonging to said company; Held, the court correctly and properly charged the jury as follows, viz: "Should a person or company take into his or their possession live stock not his or their own, such as cattle, and hold the same peaceably and adversely in their actual control and possession uninterruptedly for a period of two years or more, claiming the same as his or their own, such possession and claim for a period of two years vests absolute title to the cow, and her increase, in such possession."

**2. Same—Proof of Want of Consent of the Owner—Circumstantial Evidence of.**

On a trial for cattle theft, where it appeared that the alleged owner had died since the indictment was found, Held, competent for the State to prove that the said owner was a witness before the grand jury in the matter and thus prove by circumstantial evidence his want of consent.

APPEAL from the District Court of Frio. Tried below before Hon. W. W. WALLING, Special Judge.

Appeal from a conviction for theft of one head of cattle; penalty, two years imprisonment in the penitentiary.

The case is stated in the opinion.

*S. T. Dowe, John W. Preston,* and *John T. Bivens,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried under an indictment charging him with theft of one head of cattle, was convicted, and his punishment assessed at two years in the penitentiary; and from the judgment and sentence of the lower court he prosecutes this appeal.

It appears from the evidence in this case on the part of the State that one Henry Cupples, who is charged to be the owner, claimed the animal in question as property of the Keystone Land and Cattle Company; that

he was at the time (1886) superintendent of said company, and had actual care, control, and management of the stock of said company. Said Cupples died about 1890, before the trial of this case, and the State relied upon circumstantial evidence to prove his want of consent. It appears that one Wesley Ward took up a cow in the LEN brand in 1885, and that she had a white and red pied bull calf. The Hawkeye Land and Cattle Company claimed to own the LEN brand. In the fall of 1885 said Wesley Ward turned out the cow and calf, marking the calf—crop in left, and under half crop in right, ear. In the spring of 1886 the calf came back, and then was branded L̲, and had worms in it, and Ward doctored it. Ward lived about twenty miles from the ranch of the Hawkeye Cattle Company. It appears that, some time in the summer of 1886, C. W. Cox bought this animal from the defendant. When Cox bought the yearling in question it had the L̲ brand on it, and that, in addition to said brand, he put his own brand, 3, on it. Cox sold to Rutledge, who put the H⊃ brand on the yearling, so that the yearling then had on it L̲3E⊃. Rutledge drove it in the summer of 1886 to ship, and he penned it with other cattle in the pen of said Wesley Ward, and, while there, Wesley and his little son identified it as the same one that had sucked the LEN cow. Rutledge turned it loose. Ward reported the matter to Cupples, who came and got the yearling, and drove it off. The defendant claimed the yearling as one he had purchased from his brother. His brother showed that he had a yearling of that description; that he left it in that county and in that range when he moved from there to Dimmit County, in 1885; and that he sold it to his brother, the defendant. The yearling was in the Morris mark, which was shown to be somewhat similar to the Hawkeye mark, the mark in right ear being a swallow fork, instead of an under half crop, and this was a white and red pied yearling, like the Cupples yearling, and was of the same age as the yearling in question. The first brand, L̲, was the defendant's brand. The indictment in this case, which was filed October 27, 1886, charged the property to be "in Henry Cupples," and, besides the general charge given by the court at the request of the State's counsel, the court gave in charge to the jury the following: "Should a person or company take into his or their possession live stock not his or their own, such as cattle, and hold the same peaceably and adversely in their actual control and possession uninterruptedly for a period of two years or more, claiming the same as his or their own, such possession and claim for a period of two years vests absolute title to the property in such possession; therefore, if you believe from the evidence that the Keystone Land and Cattle Company had actual possession of the stock of cattle branded LEN, claiming same as their own, and managing, controlling, and selling the same as their own, for a period of two years or more prior to the 15th day of June, 1886, then I charge you that a cow branded LEN, and her increase, in the control and possession of the Keystone Land and Cattle Company for the period aforesaid, would be the property of said company, and would be the subject of theft, as any

other property belonging to said Keystone Land and Cattle Company." The defendant excepted to this. The record discloses in this case that the LEN brand was recorded in the name of the Keystone Land and Cattle Company, and it also discloses, as before stated, that Henry Cupples in 1886 was in charge of said cattle company's stock, and had been for some years before that; and the record shows, as before stated, that the proof of ownership by the said Hawkeye Cattle Company of the animal in question was that it was a calf of a cow in the LEN brand, as testified to by Ward. The purchase of the LEN cattle was made in 1882 or 1883. The evidence showed that the cow in question had been in possession of said cattle company in the range for more than two years, and the charge in question was a proper one to be given under the circumstances of this case. The defense set up by defendant was that he had bought this identical yearling from his brother, and the court gave a correct and proper charge on this subject.

The prosecutor, Cupples, being dead at the date of this trial, which was in 1895, the State was compelled to resort to circumstantial evidence in order to prove a want of consent of Henry Cupples to the taking. Among other testimony, the State, over objection of the defendant, introduced in evidence the indictment found, with its date, and also a member of the grand jury in 1886 testified that Henry Cupples was present and a witness before the grand jury in said matter. In this we see no error. And, furthermore, appellant's objection to the proof by the State of want of consent by circumstantial evidence was not error, as it was shown that, at the time of the trial, the manager, Henry Cupples, was then dead, so that it became necessary for the State to resort to such evidence to prove want of consent. The appellant objected to the introduction of parol evidence to prove the LEN brand, but his bill fails to show that such evidence was admitted (see Jacobs v. State, 28 Texas Crim. App., 79); and, when we turn to the statement of facts in the record, we find that the record itself of brands was introduced, showing that the LEN brand was recorded in Frio County.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed June 15, 1897, was overruled without a written opinion.—Reporter.]