### EMMA ELLISON v. THE STATE.

#### No. 510. Decided April 13, 1910.

**1.—Murder—Infanticide—Charge of Court—Murder in the Second Degree.**

Upon trial of murder, where the evidence was not so cogent as to show express malice and exclude implied malice, it was incumbent on the court to give in charge to the jury murder in the second degree, and a failure to do so was reversible error.

**2.—Same—Corpus Delicti—Confession—Insufficiency of the Evidence.**

Where, upon trial of murder, the evidence in the case to prove the corpus delicti, independent of the confession of the defendant, failed to establish the fact that the child of the defendant came to its death by any act of the defendant, the same was insufficient to sustain a conviction. Following Wallace v. State, 7 Texas Crim. App., 570, and other cases.

**3.—Same—Corpus Delicti—Corroboration.**

It is essential to any degree of culpable homicide, first, that the deceased should be shown to have been killed; second, this killing must be shown to have been criminally caused by the active agency of the accused, and unless the corpus delicti in both of these respects is proved, a confession is not enough to sustain a conviction.

Appeal from the District Court of Caldwell. Tried below before the Hon. L. W.. Moore.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Thos. McNeal,* for appellant.—On question of confession and corroboration: Scott v. State, 10 Texas Crim. App., 112; Lawrence v. State, 10 Texas Crim. App., 495; Liskosski v. State, 23 Texas Crim. App., 165.

On question of court's failure to charge on murder in the second degree: McGrath v. State, 35 Texas Crim. Rep., 413, 34 S. W. Rep., 127; Burt v. State, 38 Texas Crim. Rep., 397; Edmond v. State, 41 Texas, 496; Jones v. State, 29 Texas Crim. App., 338.

On question of corpus delicti and court's failure to charge thereon: White's Penal Code, art. 651, 654; Harris v. State, 28 Texas Crim. App., 308; Jackson v. State, 34 Texas Crim. Rep., 38; Walker v. State, 14 Texas Crim. App., 609; Puryear v. State, 28 Texas Crim. App., 73, 11 S. W. Rep., 929; Kugadt v. State, 38 Texas Crim. Rep., 681, 44 S. W. Rep., 989.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by indictment with the homicide of her own child, her punishment being assessed at life imprisonment.

There are quite a number of interesting questions suggested for revision, most of which, under the view taken of the case, we deem unnecessary to discuss. The State introduced what they relied upon as a voluntary statement of appellant before the examining trial, which is as follows: "On last Thursday night about 8:30 o'clock I went out in the mesquites near my father's house to answer a call of nature and while there gave birth to a child. I was squatting down near a pile of ashes at the time and when it was born I picked it up and placed it in the ashes and raked some ashes over it and left it lying there crying and whining and went in the house. This is all I know about the matter." Lane, the constable, testified that he took the justice of the peace and found the body of a dead baby near the edge of a trash pile about one hundred yards from appellant's house, part of the body of the baby was gone; that he could tell it was a full developed child; that the body had been dragged out of the trash pile; that by the use of a lantern a place was found that looked like the child had been there and some hair was raked out of the place; there seemed to be a little cave in the ashes. There had been rain just prior to this, and tracks from the house to the place and back to the house were found. The place where the body was found was between two roads, and near where they came together, about thirty steps from one and forty or fifty steps from the other. Appellant was examined by a physician, and his testimony is to the effect that she had been recently delivered of a child. Bragg testified that he saw the body of the child and found a hole in the trash and ashes about eight feet from the body; the hole was over a foot long and six or seven inches deep. The body of the child was that of a good sized baby. This witness did not know whether the baby had ever been alive or not. The body was found about fifty yards from a street. There were some mesquite trees, but the country in the main was open. Doctors Hendricks, Coopwood and Ross testified that a child could be born alive and cry before it had been carried seven months. They further stated the earliest time at which a child can have its being and continue to live is seven months. Rowley testified for defendant, that appellant cooked for him, and he noticed no difference in her size before and

after she is said to have given birth to a child. The night on which it is claimed the child was born was that on which a storm was blowing, about the 23d of July, 1909. Sallie Ellison, mother of appellant, testified she remembered the storm, and that it was very severe, and blew down part of their chimney; that on that night she had a very sick daughter, who died, and was buried the following day. This daughter was younger than appellant, who was also her daughter. The storm raged all night. Appellant, on the night of the storm, would run from one room to the other where her sister was lying. Witness thought appellant would go crazy; that she was always a nervous child, was never bright, and acted like she did not have good sense. Appellant attended the funeral of her sister, daughter of witness, the day after the storm. The record discloses that the lungs of the child were not examined to ascertain whether it had in fact lived or was born alive. There was no attempt to prove that fact, and in fact the evidence discloses, affirmatively, that no examination of this character was made to discover whether the child had in fact been born alive. The only evidence in the record in regard to this matter is the statement of appellant in what is termed a voluntary statement.

1. Appellant insists the court was in error in not submitting the issue of murder in the second degree. Appellant is correct in this contention. Unless the evidence is so cogent as to show express malice and exclude implied malice, it is incumbent upon the court to give in charge murder in the second degree. Omitting appellant's voluntary statement, this is a case purely of circumstantial evidence, and of a very weak character. Under it the State had to rely upon the fact that the body of a dead child was found about 100 yards from where appellant lived at her family home; that it had been placed there by somebody. This body was not examined with a view of ascertaining how the child came to its death or that the child had in fact ever lived. There are no circumstances detailed by the testimony showing that if the child had been born alive, how it came to its death outside of the voluntary statement. The mother of the child, taking her statement, was shown to have been in a very nervous and excited condition by reason of the facts above stated. It is further shown by her testimony that she was delivered of the child and laid it down and threw some ashes on it, and left it alive whining and crying. All of these facts, taken in their strongest light, called for a charge on the issue of murder in the second degree.

2. There are some questions presented by the special charges with reference to necessary corroboration of the statement or confession of appellant that we believe should have been given, but under the view taken of the facts of the case we deem it unnecessary to discuss the refusal of the court to give those charges.

3. An examination of the testimony fails to disclose a case upon which the State can predicate a verdict. There is not sufficient evidence in the case to prove the corpus delicti, independent of the con-

fession of appellant, and take her testimony, as introduced by the State, it fails to establish that the child came to its death by any act of hers, as charged, because she states that she left the child alive, and the State would, apparently at least, be relegated to the fact that the mother brought about the death of the child by abandoning it to its fate after its birth, and not by the means stated by putting ashes on it. The corpus delicti must be proved independent of the confession, and that, of course, means, among other things, that the child came to its death by the criminal agency of appellant. No witness testified to the fact that the child had ever lived. An examination of its lungs was not made, and this is made to appear affirmatively. We are of opinion under our authorities that the State has failed to make out a case. For collation of authorities see White's Annotated Penal Code, section 1234, and the addenda to White's Penal Code at page 129, section 1233. These two sections collate and quote a number of cases. See also Wallace v. State, 7 Texas Crim. App., 570, 10 Texas Crim App., 255; Sheppard v. State, 17 Texas Crim. App., 74; Harris v. State, 28 Texas Crim. App., 308; Harris v. State, 30 Texas Crim. App., 549; Josef v. State, 34 Texas Crim. Rep., 446. It is essential to any degree of culpable homicide, first, that the deceased should be shown to have been killed; second, this killing must be shown to have been criminally caused by the act or agency of the accused, and unless the corpus delicti in both of these respects is proved, a confession is not enough to sustain a conviction. The authorities cited and collated by Judge White in the Penal Code above referred to show these propositions the settled law of the State. The statute is to the same effect.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I think there can be no doubt under the testimony found in this record that the court should have charged on murder in the second degree. I am not certain that the opinion is not correct that the evidence is insufficient, in the respects noted, to support the verdict, but since the case would be, in any event, reversed I express no opinion on that question.