### Luther Melton v. The State.

No. 8576.    Delivered Jan. 14, 1925.

**Burglary—Evidence—Hearsay Inadmissible.**

Appellant complains of hearsay testimony admitted against him on the trial, by several bills of exception in the record. By one complaint is made that witness Wheeler testified that Mr. Dwight told witness that Mr. Wheeler gave him three pistols. Another bill complains that witness Edmondson testified that after the alleged burglary, appellant was taken to the depot, where same was alleged to have been committed, and was there identified by a negro porter, who was dead at the time of the trial. Other testimony of the same character was admitted, and bills of exceptions reserved. All of this testimony was hearsay and should have been excluded.

Appeal from the District Court of Willbarger County. Tried below before the Honorable J. V. Leak, Judge.

Appeal from a conviction of burglary, penalty three years in the penitentiary.

*Simpson, Moore, Parker & Rawlings,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Wilbarger County of burglary, and his punishment fixed at three years in the penitentiary.

There are several bills of exception in the record. By one complaint is made that the witness Wheeler testified that Mr. Dwight told witness that Mr. Woodard gave him three pistols. This was objected to as being hearsay. The objection should have been sustained.

Another bill of exceptions complains that witness Edmonson was permitted to testify that after the alleged burglary appellant was taken to the depot where same was alleged to have been committed and was

there identified by a colored porter who was dead at the time of trial. The objection to this testimony should have been sustained. The Constitution of this State guarantees to one accused of crime the right to be confronted by the witnesses against him. It is not claimed that the dead porter had ever been in court and made any identification of appellant under oath. The reproduction of a statement made by him identifying appellant under the circumstances in this case finds no justification in law.

Another complaint is that the witness Gerhardt was permitted to testify that he knew one of the parties implicated with appellant in the burglary and saw said part at his store in Blackmer, Oklahoma, one afternoon a couple of months before the instant burglary; that witness' store was burglarized that night and a number of pistols taken; that he obtained the numbers of the pistols and that the number on a pistol shown witness corresponded with the number of one of his lost pistols. We think the testimony of this witness admissible for the purpose of identifying a pistol, provided there be identification of that pistol as being one found at or near the scene of the burglary and shortly thereafter. The record contains no such identification. In this connection we also observe that there was testimony on the part of another witness that he arrested appellant on one occasion in Oklahoma and found on him or in his room a pistol similar to the one which was shown this witness. We find nothing in the record identifying the pistol thus referred to by the witness with either of the three pistols supposed to have been found near the scene of the alleged burglary.

Objection also appears to the witness Dwight being permitted to testify in regard to three pistols and to the offering of said three pistols in evidence, upon the ground that there was no testimony showing that one of said pistols was found at or near the scene of the alleged burglary. We do not regard the matter as one of great materiality, but the objection was well taken. Dwight claimed to have gotten the third pistol from a man named Woodard who was not produced and gave no testimony as to where he found it. That Mr. Dwight got a pistol from Mr. Woodard, which seems in no way to have been identified or connected with the transaction in question, would seem to have no bearing upon the issues in this case.

For the errors above mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*