## BANK CHERRY v. THE STATE.

No. 14525. Delivered November 25, 1931.
State's Rehearing Denied February 24, 1932.

The opinion states the case.

*H. S. Lilley* and *J. L. Pitts,* both of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft, punishment two years in the penitentiary.

By proper averments the indictment charged that appellant stole $600 from Mrs. L. S. Hues. The state introduced appellant's extra-judicial confession in which he said: "* * * Me and Eldon Hues got Mrs. L. S. Hues' money. Mrs. Hues said she lost about $600.00, but I only got about $200.00 as my part. I was staying at the house of Ellie Hues and Eldon Hues came to my window on a Thursday night 3 or 4 weeks ago and woke me up. Me and him went in the hall and Eldon shoved her door open. We then kept still until everything got quiet and Eldon Hues got the purse and money from under her bed. * * *" The Eldon Hues referred to in the confession was a grandson of Mrs. L. S. Hues.

Appellant's mother had married a son of Mrs. Hues. Eldon Hues was also indicted for the theft of the money, but the case against him had been dismissed. Mrs. Hues was about 84 years of age at the date of the alleged offense and was dead at the time of the trial.

The state tendered evidence from the justice of the peace and the deputy sheriff to show want of consent on the part of Mrs. Hues to the taking of her money. The evidence was admitted over appellant's objection. The substance of their testimony was that they had been called to Mrs. Hues' home and that she reported to them the loss of the $600 and made a complaint against appellant for "robbery"; that she signed the complaint herself. This evidence was objected to on the ground (1) that it brought into the case against appellant the conclusions or opinions of the injured party as to appellant's guilt; (2) that it was hearsay evidence and for both reasons therefore inadmissible. Several bills of exception relate to this subject. The record shows that diligent search had been made for the complaint by the party charged with its custody and that it could not be found. This would have laid a predicate for proof of the contents of the complaint if it had been otherwise admissible. The learned trial judge admitted all of the evidence mentioned as a circumstance to show want of consent on the part of Mrs. Hues. Ordinarily the state would have had no right in developing its case to have proven either what Mrs. Hues told the officers or that she had filed a complaint against appellant. Melton v. State, 99 Texas Crim. Rep., 43, 267 S. W., 979; Lightfoot v. State, 117 Texas Crim. Rep., 515, 35 S. W. (2d) 163.

It is well established that want of consent may be proven by circumstantial evidence if the alleged owner is dead or incompetent to testify. Many illustrative cases will be found annotated under section 2452, Branch's Ann. Tex. P. C., p. 1327. We do not undstand that because the exigencies of the particular case may force the state to resort to circumstantial evidence to prove want of consent that it changes the general rules of evidence, and makes admissible for that purpose testimony which would be inadmissible under other rules of evidence. In Brown v. State (Texas Crim. App.), 28 S. W., 536, is found a statement where the owner is dead, " * * * the State had a right to prove by his acts and declarations that he had not consented to the taking" of his property. The opinion does not disclose what "acts and declarations" of the owner were under consideration. From later opinions it is clear, we think, that the expression quoted is too broad and cannot have general application. In Nixon v. State (Texas Crim. App.), 93 S. W., 555, a witness testified that the owner had lost some hogs and that he (witness) knew the owner was looking for them. As against the objection that this was hearsay, this court said: "* * * It does not appear that he (the witness) derived this information from her (the owner). Otherwise, it must be presumed that the facts to which he testified came under his immediate observation.

So we can not say that the testimony was hearsay." The inference is clear that information which might have come to the witness from the owner would be hearsay. So in this case the officers may have properly testified to what, if anything, came under their observation while they were at the home of Mrs. Hues, but their testimony as to what she said and did was hearsay. In Brooks v. State, 38 Texas Crim. Rep., 167, 31 S. W., 410, as a circumstance to show want of consent the indictment against appellant was admitted in evidence and the fact proven that the owner of the property alleged to have been stolen appeared before the grand jury and testified as a witness, but not what such testimony was. In Guin v. State (Texas Crim. App.), 50 S. W., 350, the owner of the alleged stolen property was a convict and could not testify. Certain declarations of his regarding the matter were put in evidence. This court said: "* * * We do not believe that any statements or declarations of his could be used as evidence to prove the theft of said cattle. But we hold that his want of consent to the taking of said cattle could be proved by circumstances,—such as searching for the cattle shortly after they were missed,—and the proof should have been confined alone to this issue of consent vel non."

It is our conclusion from an investigation of the authorities that the learned trial judge fell into error in permitting the officers to testify that Mrs. Hues made a complaint against appellant charging him with robbery, and told them that she had lost $600 in money.

The indictment against Eldon Hues having been dismissed, appellant used him as a witness. He expressly denied that he had anything to do with getting any money from his grandmother and denied that he at any time had gone there with appellant for that purpose. In other words, this witness denied explicitly the facts stated by appellant in his confession.

Appellant also offered to prove by Eldon Hues that a short time before his grandmother died she told witness that she had found out who got the money and that it was not appellant and witness who got it and said "it was the girls who got it, and that as soon as she was able she would have the cases against appellant and witness thrown out of court." It was appellant's contention that because the state had been permitted to prove statements made by Mrs. Hues to the officers, and the fact that she made a complaint against appellant, that appellant should have a right to rebut the same by the proffered testimony of the witness Eldon Hues as to what Mrs. Hues told him. We think the court properly excluded the testimony. This seems to demonstrate quite clearly that the testimony which went into the record from the officers was improperly admitted.

It is appellant's contention that there is no legal testimony in the record other than the confession of appellant which shows that the offense of theft of Mrs. Hues' money occurred, and the further contention that

a conviction cannot be predicated alone upon an extra-judicial confession. These propositions must be sustained. Harris v. State, 28 Texas Crim. Rep., 308, 12 S. W., 1102, 19 Am. St. Rep., 837; Follis v. State, 51 Texas Crim. Rep., 186, 101 S. W., 242; Ellison v. State, 59 Texas Crim. Rep., 3, 127 S. W., 542; Hernandez v. State, 110 Texas Crim. Rep., 159, 8 S. W. (2d) 947.

If this case should be tried again we call attention to the necessity under certain circumstances for an instruction informing the jury that an extra-judicial confession must be corroborated. Silva v. State, 102 Texas Crim. Rep., 415, 278 S. W., 216; Johnson v. State, 117 Texas Crim. Rep., 103, 36 S. W. (2d) 748. We do not discuss this question at length as it is impossible to know what the developments may be upon another trial if one should be had, but reference to the two cases cited and the authorities referred to therein will be sufficient to advise the court of the law which under certain circumstances may arise.

The views expressed by the state's attorney in his brief on file in the record are in accord with the conclusions expressed herein.

For the reasons given the judgment is reversed and the cause remanded

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state insists in its motion for rehearing that if we intended in our original opinion to say that there were no circumstances which tended to show that the money of Mrs. Hues was taken, or that tended to corroborate appellant's confession, we were in error. There seems no question but that the state might legitimately prove that at or about the time of the alleged theft, Mrs. Hues made a complaint charging the loss or theft of her money. The case was reversed for the admission of testimony as to statements made by Mrs. Hues individuating and pointing out that she claimed appellant was the party who got her property, which would be clearly hearsay. Nor do we mean to say that the testimony of the justice of the peace, eliminating the hearsay matter just indicated, added to that of Mr. Ford and other proof as to appellant's financial circumstances, and the small wages he was making, etc., might not suffice to satisfy a jury that appellant's confession was sufficiently corroborated. The state may be able to prove by circumstantial evidence the want of consent of Mrs. Hues to the taking of the property, and may be able to corroborate appellant's extra-judicial confession by proof from other people of facts which tend to show him connected with the taking of the property. Believing, however, that the former opinion was correct in holding the admission of the hearsay statements of Mrs. Hues incompetent, and that for this the case was properly reversed, the motion for rehearing of the state will be overruled.

*Overruled.*