## T. W. ABERNATHY v. THE STATE.

### No. 4027.   Decided December 14, 1908.

**Swindling—Insufficiency of Evidence.**

Where upon trial of swindling the evidence for the State failed to support some of the allegations in the indictment and to establish the falsity of the alleged representations of the defendant, the conviction could not be sustained; the court having submitted the case to the jury on all of the false pretenses as alleged in the indictment.

Appeal from the District Court of Haskell.   Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of swindling; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Jas. P. Kinnard,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The appellant was convicted of swindling.   The false representations as set out in the indictment are as follows: "Devising and intending to secure the unlawful acquisition of one hundred dollars in money then and there the corporeal personal property of and belonging to C. A. Ender, and with the intent to appropriate the same to his own use by means of fraud and deceitful pretenses, devices and fraudulent representations then and there unlawfully, knowingly and fraudulently made by him to said C. A. Ender, in substance, to wit: the said T. W. Abernathy did then and there fraudulently pretend and represent to the said C. A. Ender that he was then and there a fortune teller and a detective, and that he then and there had license to practice as a fortune teller and as a detective; that he had studied medicine and understood the practice thereof, and the said T. W. Abernathy then and there said to the said C. A. Ender, 'you believe that your step-son, Carl Lewis, died with fever, but the said Carl Lewis did not die with the fever, but he, the said Carl Lewis, did die from the effects of poison,' meaning that one Carl Lewis, a step-son of said C. A. Ender, who had died in the month of July, 1907, with fever had been poisoned and had died from the effects of said poison, and the said T. W. Abernathy did

further state and represent to the said C. A. Ender that he, the said T. W. Abernathy, then and there knew the kind of poison that had killed the said Carl Lewis, and that the said Carl Lewis got the said poison in black coffee, and that he, the said T. W. Abernathy, knew the names of the parties who had administered the said poison to the said Carl Lewis, and then and there knew where said parties resided and that he could make the persons, who had poisoned the said Carl Lewis suffer for it and that he could bring them to justice, etc. * * * And he, the said C. A. Ender by reason of said false pretenses, devices and fraudulent representations so made by the said T. W. Abernathy to the said C. A. Ender was then and there induced to part with and did part with the title and possession of said one hundred dollars in money and did deliver the title and possession of same to the said Abernathy. * * * Whereas, in truth and in fact the said T. W. Abernathy was not then and there a fortune teller nor a detective and did not then and there have license to practice as a fortune teller nor as a detective and had not studied medicine and did not then and there understand the practice of the same and, whereas, in truth and in fact the said Carl Lewis did not die from the effects of poison administered by some person, but that the said Carl Lewis did in fact die from the effects of fever; and whereas, in truth and in fact, the said Carl Lewis did not die from the effects of poison administered to him in black coffee by some person, and the said T. W. Abernathy did not know the names of the parties who had administered the said poison to the said Carl Lewis."

The court submitted the case to the jury on all of the false pretenses as alleged in the bill of indictment. We have examined, carefully, the statement of facts in this case and there is an absence of any proof on the part of the State to show that the said Abernathy was not a fortune teller and a detective, or to establish the falsity that he had license to practice as a fortune teller and as a detective, or that he had not studied medicine and did not understand the practice thereof. Therefore, in passing upon the case these representations in the absence of proof were improperly submitted to the jury and could not have been considered by the jury as representations or part of the representations that induced the said Ender to part with the property. If these were the sole inducements for the said Ender to part with the title of the property, then the State's case must fail for want of proof.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*