## Virgil Montgomery v. The State.

No. 9310.   Delivered June 10, 1925.

Rehearing Denied October 21, 1925.

1.—Robbery—Statements of Accused—Properly Submitted.

Where accused had made statements under arrest where the money that was secured by the robbery could be found, and money was found as he stated, it was proper for the trial court to charge the jury that unless they believed from the evidence, that the money found was the identical money secured by the robbery, not to consider the statements of accused. This charge protected every right the appellant had in the matter.

2.—Same—Evidence—Of Surrounding facts—Held Admissible.

Where on a trial for robbery, it was not error to admit testimony of the prosecuting witness that while he was being robbed he felt something like a pistol being stuck in his back, and that he was scared. All of the circumstances and conditions occurring at the time of the offense, which are germane thereto are admissible upon the trial.

3.—Same—Argument of Counsel—Held Proper.

Where counsel in his argument stated to the jury that the defendant was caught *red handed*, and admitted to the officers that he and Lester Knight, and Arthur Coulson had robbed Jimmy Riggs; such argument, being supported by the facts in evidence, was perfectly legitimate, and presents no error.

ON REHEARING.

4.—Same—Evidence—Held Sufficient.

Where the evidence discloses that appellant and two others accosted prosecuting witness on the street, and commanding him to "stick em up" took him out into the brush, and took his money from him, the offense of robbery is completely made out, whether the parties actually used a gun or not.

Appeal from the District court of Palo Pinto County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of robbery; penalty, five years in the penitentiary.

The opinion states the case.

*Geo. M. Ritchie, J. R. Creighton,* and *Ritchie & Ranspot,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Palo Pinto County for the offense of robbery, and his punishment assessed at confinement in the penitentiary for a term of five years.

Jimmy Riggs, the alleged injured party, testified that three parties unknown to him held him up and robbed him, taking from his possession the sum of $28.00, consisting of four five-dollar bills and eight one-dollar bills; that he had displayed this money at Coulson's restaurant in the presence, Arthur B. Coulson and Lester Knight a few hours before the robbery occurred. Eubanks and Davis, the arresting officers, testified that they arrested appellant some three hours after the alleged robbery at his home, carried him to the city hall, searched him and found in his cap a five-dollar bill and two one-dollar bills. The testimony showed further that appellant had changed another one-dollar bill between the time of the robbery and the time he was arrested. These officers further testified that appellant told them that the Coulson boy and the Knight boy had the rest of the twenty-eight dollars taken from Riggs, and that they arrested the Coulson boy and the Knight boy and found nine dollars, consisting of a five-dollar bill and four one-dollar bills in the possession of Coulson, and two five-dollar bills and a one-dollar bill in Knight's possession. There were other circumstances in evidence tending to identify appellant and Coulson and Knight as the three parties committing the offense. Appellant did not testify in the case and offered no evidence in his own behalf.

Various objections were urged by appellant to the court's charge but a careful examination of the same has convinced us that they are without merit. The court gave a concise, and, as we view it, a correct charge presenting all the issues involved in the case.

By special charges, one and two, appellant requested the court to instruct the jury that before they could consider the evidence introduced by the State as to statements made by the defendant while under arrest, they must find from the evidence beyond a reasonable doubt that the money found by the officers was the identical money alleged to have been taken from the State's witness, Jimmy Riggs. The court in his main charge instructed the jury that the State had been permitted to introduce testimony to the effect that the defendant while under arrest had made statements in substance that part of the money taken from Riggs was in the possession of Coulson and of Knight and told the jury that if they had a reasonable doubt as to whether or not the money found by the officers at Coulson's place and at Knight's place was the identical money taken from Riggs at the time he was alleged to have been robbed that the statement made by the defendant to the officers while under arrest would not be admissible and the jury would not consider it. This charge protected every right the appellant had in this matter.

By special charges three and four, appellant sought to have the jury instructed that before they could consider the evidence introduced by the State as to statements made by the defendant while

under arrest, that the jury must find from other evidence than such statements that the money found by the officers is the identical money alleged to have been taken from the State's witness, Jimmy Riggs, and if they had a reasonable doubt as to this matter to not consider said statement. These charges so far as proper are sufficiently covered by the court's main charge. Art. 810, Vernon's C. C. P. and many authorities there cited.

Appellant complains that the court permitted the prosecuting witness to say that someone held something that felt like a gun against his back at the time he was being robbed, and also at the court's action in permitting the prosecuting witness to state that he was a little scared at that time. It being proper to show all the conditions and circumstances occurring at the time the offense is alleged to have been committed, which was germane thereto, and this testimony was properly admitted under this rule.

Complaint is made at the admission in evidence of the statement made by the appellant to the officers to the effect that Coulson had about twelve dollars of the money and Knight had about nine dollars of the money that was taken from Riggs, the alleged injured party. The record shows that this statement of the appellant led to the recovery of the greater part of the missing money and under Art. 810, C. C. P., the testimony was admissible.

The circumstances under which the officers found what is alleged to be Knight's part of the money, as detailed by the officers was admissible in evidence. Appellant's last complaint is as to the remarks of the county attorney to the effect that the defendant was caught *red handed* and admitted to the officers that he and Lester Knight and Arthur Coulson had robbed Jimmy Riggs. This argument under the facts of this case was not of such harmful nature as to justify a reversal of the case. In fact, we are persuaded it was a perfectly legitimate deduction to be drawn from the testimony introduced on the trial.

We have carefully considered this case and have reached the conclusion that appellant has been accorded a fair trial, and that each of his complaints is without merit. It is therefore our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Under the authority of Easley v. State, 199 S. W. Rep. 476, and Walters v. State, 118 S. W. Rep. 543, appel-

lant complains that the evidence in this case was sufficient to show
the use of violence or the making of any assault in the commission of
the alleged robbery. Examination of those authorities show facts
vastly different from those in the case before us. Reference can be
made to the authorities named; it is not necessary to set them out
at length. In the instant case it appears that after going into a place
where appellant and others were and there exhibiting some money,
the injured party went out upon the streets and was presently over-
taken by a party in which appellant was, and they told him to
"stick them up" and marched him out into the brush. They held
whatever they had in their hands against his back and he said he
thought it was a gun that he did not see it. He said they held some-
thing against his back and put their hands in his pocket and took
out what money he had, and then told him to beat it and he ran away
and left them. The use of any unlawful violence upon the person
of another with intent to injure him, whatever be the means or the
degree of violence used, is an assault and battery. Any threatening
gesture showing in itself an immediate intention, coupled with an
ability to commit a battery, is an assault. Whether the parties
actually used a gun, or something that resembled a gun, or something
which in the manner of its use appeared to the injured party to be
a gun, by any of which means they put the injured party in fear of
life or bodily injury, and thereby induced him to part with his
money, would be within the forbiddance of the law of robbery, and
the cases cited render no support to appellant's contention.

The second ground of appellant's motion is complaint of certain
parts of the charge to which no exception was reserved. Appellant
is mistaken in his assertion that this court states in its opinion that
in anywise it relied in affirming this case upon the fact that appel-
lant did not testify. The fact that he did not was mentioned in the
opinion, but the affirmance was in no sense based thereon.

The motion for rehearing will be overruled.

*Overruled.*