## ARTHUR B. COULSON V. THE STATE.

### No. 9314. Delivered October 14, 1925.

### Rehearing denied November 18, 1925.

1.—Robbery—Evidence—Not an Opinion—Properly Admitted.

Where, on a trial for robbery, the prosecuting witness testified that one of the parties who robbed him held something to his back that felt like a gun, there was no error in admitting this testimony. Such testimony was not a conclusion or opinion of the witness, he having the right to rely upon his sense of touch, nor would the failure of the indictment to charge a robbery committed with a gun in any way affect its admissibility, as an assault is one of the elements of robbery, and this testimony established an assault.

2.—Same—Evidence—Recovery of Property—Admissible.

Where the State disclosed on a trial for robbery that appellant was acting together with one Montgomery and another man named Knight, it was proper to permit an officer to testify that he arrested Montgomery on the night of the robbery, and found some of the money taken by the robbers in his possession, and also that witness found a part of the stolen money in Knight's room.

3.—Same—Bill of Exception—Incomplete—Not Considered.

Where a bill of exceptions complains of the exclusion of testimony the bill must set out intelligently sufficient of the surroundings and circumstances that will enable this court to discover from the bill itself that an error has been committed. The following recent cases elucidate this long settled rule of practice: Mitner v. State, 273 S. W. 585; Jones v. State, 273 S. W. 259 and Robbins v. State, 272 S. W. 175.

4.—Same—Evidence—Properly Admitted.

Where, on a trial for robbery, the State was permitted to prove that shortly after the robbery one of the principals to same came into a restaurant and bought a cup of coffee and a ham sandwich paying for it with a one-dollar bill, other evidence in the case clearly indicating that this one-dollar bill was a part of the proceeds of the robbery.

5.—Same—Charge of Court—On Assault—Held, Correct.

There is no merit in appellant's complaint of the court's charge on assault. It follows the Statute and approved forms, and to constitute the offense of robbery by assault the actual taking of his property without his consent, has been uniformly held sufficient to constitute this offense. Following Tones v. State, 48 Tex. Crim. Rep. 369 and other cases cited.

**6.—Same—Argument of Counsel—Not Reversible Error.**

Where, in his opening argument in a robbery case the State's attorney said "The most dangerous people on earth are those who lie around town in the daytime and at night put on their guns and go out and hold up working men, like the defendant did in this case," we cannot conclude that such argument was not a legitimate and proper deduction to be drawn from the evidence, but in any event, the lowest punishment having been assessed, it could not be held a reversible error.

ON REHEARING.

**7.—Same—Evidence—Sense of Touch—Properly Admitted.**

On rehearing we are unable to agree with appellant's contention that it was error to permit prosecuting witness to state that what was put against his back, while he was being robbed, "felt like a gun." A person's sense of touch while not as reliable as his sense of vision, is nevertheless of value, and has probative force, and the objection to this testimony in the instant case went rather to the weight to be given it, than to its admissibility.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

This is a companion case to that of Virgil Montgomery No. 9310, decided June 10th, 1925, and also of the Lester Knight case, this day decided.

*J. R. Creighton,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Palo Pinto County for the offense of robbery and his punishment assessed at confinement in the penitentiary for five years.

The facts show that Jimmie Riggs, the prosecuting witness, on the date of the alleged offense, about five-thirty o'clock went into a restaurant where appellant, Montgomery and Lester Knight were and bought a hamburger, and bought one for Montgomery and Knight and that in paying the bill he pulled out some greenbacks which was folded up, whereupon some of the boys said, "Look there at the money he has got." Later on that night appellant, Montgomery and Knight stopped the prosecuting witness on the street, held something to his back, ordered him to put his hands up and took his roll of money from him. Appellant made a confession to the witness

Eubanks, in which he admitted the holding up of prosecuting witness and also admitted that he got $11 of the money, Knight got $9 and Montgomery got $8. It was the appellant's contention that the taking of the money was done in a spirit of fun.

This is a companion case to that of Virgil Montgomery, No. 9310, decided June 10, 1925, and also of the Lester Knight case this day decided. Appellant's first bill of exception complains at the action of the trial court in permitting the district attorney to ask the witness Riggs if he had testified that one of the parties held something to his back, and asked him what it felt like, and to his answer, that it felt like a gun. The objection to this testimony was that it was a conclusion of the witness and that there was no allegation in the indictment that the robbery was committed with a gun, and no allegation that the robbery was committed by putting the witness in fear of death or serious bodily injury. This objection is without merit. The contention that the testimony was a conclusion of the witness can not be sustained. The witness had a right to rely on his sense of touch to enable him to determine the character of the weapon used, and the testimony was therefore clearly admissible, being based on one of the ordinary senses upon which a person must necessarily rely to enable him to state a fact. The objection that there was no allegation in the indictment that the robbery was by the use of a gun or other deadly weapon is equally untenable. The indictment charged the robbery as being by an assault and by violence and whether the placing of the gun to the prosecuting witness' back put him in fear of death or serious bodily injury or not, it certainly constituted an assault and violence.

Bill of exception number three complains that the trial court permitted the district attorney to prove by the witness Eubanks that he arrested Virgil Montgomery that night and found some money on him; to-wit, a five-dollar bill and two one-dollar bills. This testimony was clearly admissible as corroborating the confession introduced in evidence by the State to the effect that in the division of the spoils Montgomery was given $8 of the money taken from prosecuting witness. It was the right of the State to show that Montgomery was found shortly after the robbery with part of the proceeds of the robbery in his possession and this testimony complained of had a very strong tendency to show this fact. What has just been said also disposes of appellant's complaint in his bill of exception number five at the court's action in permitting the witness Eubanks to testify that he found in Knight's

room a $5 bill and four $1 bills shortly after the robbery occurred.

Bill of exception number seven complains because the court refused to permit the witness Eubanks to answer the following question: "Did he (meaning the defendant) tell you in the conversation you had with him at the Police Station after he was arrested, that he and Virgil Montgomery and Lester Knight held up Jim Riggs just to have some fun with him?" The bill shows that the State objected to this question and that the witness was not permitted to answer and that if he had been permitted to answer the question he would have stated "that the defendant did not make said statement to him at that particular time but that a little later and in the same conversation the defendant did state to him that they were just having some fun with Jim Riggs when they took his money from him." This is all the bill contains. It states no facts which would enable us to determine that the court erred in refusing to permit the witness to be asked this question. The rule has been so often stated as to make it unnecessary to repeat that to be available to appellant on appeal a bill complaining of the admission or rejection of testimony must state sufficient facts in connection with its admission or rejection to enable this court to determine from the bill itself whether or not error was committed. This court will not ordinarily go to the statement of facts for the purpose of supplementing a bill unless reference to some particular part thereof is made by the trial judge, which is not done in this case. The following very recent cases on this question are clearly authority for the proposition that the bill under discussion is insufficient: Mitner v. State, 273 S. W. 565; Jones v. State, 272 S. W. 259; Robbins v. State, 272 S. W. 175.

Bills of exception eight and nine raise the same question that has been decided in our discussion of bills three and five, and the same is without merit.

Bill of exception ten complains at the court's action in permitting the witness West to testify that Virgil Montgomery came to the American Cafe shortly after the robbery and purchased some cigarettes, a cup of coffee and a ham sandwich, paying for the same with a $1 bill and receiving sixty cents in change. This testimony was admissible. The State had proven that the appellant confessed to the fact that Montgomery had received $8 of the money taken from prosecuting witness. Appellant in his own testimony admitted that Montgomery got part of the proceeds of the robbery. The State

had a right to show as corroborating testimony that' Montgomery immediately after the robbery was in possession of the $8 which the witness Eubanks testified that appellant told him that Montgomery received as his part of the spoils. In doing this the State had a right to prove that Montgomery was found with $7 in his possession and to also show that he had changed a dollar bill immediately after the robbery occurred.

The bill of exception complaining at the charge of the court on the question of assault is without merit. The charge complained of follows the statutory definition of an assault and is in accordance with the forms approved by this court. Appellant also contends that the charge was wrong for the reason that there is no evidence that any violence was used toward the prosecuting witness or that the prosecuting witness was injured or that any injury was intended by the defendant or those acting with him. This contention cannot be sustained. The testimony in this case clearly shows that the act was without the consent of prosecuting witness and his property was fraudulently taken by the defendant and those acting with him. Under this state of the record it has always been held that this constitutes robbery. Tones v. State, 48 Tex. Crim. Rep. 369, 88 S. W. 217; Williams v. State, 51 Tex. Crim. Rep. 364, 102 S. W. 1134; Keys v. State, 60 Tex. Crim. Rep. 279, 131 S. W. 1069; Bond v. State, 20 Tex. Crim. App. 421; Pendy v. State, 34 Tex. Crim. Rep. 643, 31 S. W. 647; Robinson v. State, 149 S. W. 186.

Appellant's theory of the case was that he acted in a spirit of fun and this was clearly and properly submitted to the jury by the court in his main charge and no error is shown by the court's action in refusing appellant's special charge submitting this issue.

By bill of exception number 13 appellant complains because the , county attorney in his opening argument said: "The most dangerous people on earth are those who lie around town in the daytime and at night put on their guns and go out and hold up some working man like the defendant did in this case." As we understand it this was a mere deduction that the county attorney was drawing from the testimony introduced in the case and we think the same was legitimate. In any event, the punishment assessed was the lowest permitted by law for this offense and therefore if the argument was improper it is not apparent that appellant has suffered in any way by reason thereof.

We have carefully examined each of the complaints urged by appellant and it is our opinion that no error is shown in this record, and that the judgment should therefore be in all things affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have considered the two points relied on by appellant in his motion. We are of the opinion that it was not error to permit prosecuting witness to state that what was put against his back by appellant and his companions "felt like a gun." There would be no question as to the right of a witness under circumstances to say that what he saw "looked like a pistol". The conclusion of the witness in one case' is derived from a different sense than in the other, but if a blind man would undertake to say by the sense of touch that a certain object felt by him was a pistol, the evidence would be admitted. The correctness of the conclusion reached when the identity of the instrument is arrived at from touching some other part of the body, may not be deemed as satisfactory as when touched by the hands, but this would apply to the weight rather than to the admissibility of the testimony.

Appellant's complaint as to our decision regarding his bill of exceptions No. 7 seems without merit, but we might add that there is a qualification attached to said bill by the learned trial judge which would leave no doubt of the correctness of our conclusion regarding same.

The motion for rehearing will be overruled.

*Overruled.*