LESTER KNIGHT V. THE STATE.

No. 9313.   Delivered October 14, 1925.

Rehearing denied November 18, 1925.

**1.—Robbery—Witness Under Rule—Excusing From—Discretion of Court.**

Where witnesses are placed under the rule there is no abuse of judicial discretion for the trial court to excuse officers who are witnesses, and who are needed by the court in the conduct of the trial.

**2.—Same—Evidence—Properly Admitted.**

Where, on a trial for robbery, the injured party is permitted to testify that he was scared at the time of the robbery, no error is shown.

It is proper to show all the conditions and circumstances of a pertinent character, occurring at the time that an offense is committed, and the testimony was properly admitted under this rule.

### 3.—Same—Bill of Exception—Not Considered.

Where a bill of exception taken to a question asked and answered, wholly fails to state any other fact concerning the matter, we cannot intelligently pass upon such bill, as a bill of exception must be complete within itself, and without reference to the statement of facts, or to other bills of exception.

### 4.—Same—Evidence—Properly Admitted.

Where, on a trial for robbery, appellant having confessed to an officer that he and one Coulson, and Montgomery perpetrated the robbery, there was no error in permitting the officer to testify that he found a five-dollar bill and two one-dollar bills on the person of said Montgomery a short time after the robbery when he was arrested.

### 5.—Same—Charge of Court—Defensive Issue—Properly Presented.

Appellant in this case having stated to officers on being arrested that "us boys held him (Jimmie Riggs) up down there a while ago for fun," and such issue having been affirmatively submitted in his charge to the jury, there is no merit in appellant's criticism of the charge.

#### ON REHEARING.

### 6.—Same—Witness Under Rule—Discretion of Court.

In his motion for rehearing appellant assails our original opinion in holding that the trial court did not abuse his discretion in permitting certain officers to be excused from the rule, which was invoked on the trial. Many authorities will be found cited under Art. 719 of Ver-. non's C. C. P. holding that the trial court has great discretion in such matter, and his action will not be held erroneous, except when it is clearly shown that such discretion has been abused.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

The opinion states the case.

*J. R. Creighton,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Palo Pinto County for the offense of robbery and his punishment assessed at confinement in the penitentiary for a term of five years.

This is a companion case to that of Virgil Montgomery No. 9310, decided by this court in an opinion delivered June 10, 1925, and which is now pending on motion for rehearing. That case contains a sufficient statement of the facts.

Appellant's first bill of exception complains at the court's action in permitting some of the State's witnesses to remain in the courtroom after the rule had been invoked. The court qualifies this bill by stating that the witnesses excused from the rule were officers and the court at times needed them in court when the sheriff was absent. It has always been held that this is a matter addressing itself to the sound discretion of the court and we find in the record before us no abuse of that discretion.

Bill of exceptions No. 2 complains at the court's action in permitting the State to prove by Jim Riggs, the party alleged to have been robbed that he was scared at the time of the robbery. It was proper to show all the conditions and circumstances occurring at the time the offense is alleged to have been committed which were germane thereto and this testimony was properly admitted under this rule.

Bill of exceptions No. 3 preserves appellant's objection to the witness Eubank being permited to testify because he had been in the courtroom after the rule had been invoked. Eubank was one of the witnesses excused by the court and the court states that he was an officer and what has been said with reference to bill of exceptions No. one disposes of appellant's contention raised herein.

Appellant also complains at the court's action in permitting the State to prove by one of the witnesses that he asked Virgil Montgomery on the night the robbery is alleged to have taken place. The bill wholly fails to show the connection in which the question was asked or to state any other fact concerning the matter, and in this condition of the record, we are not able to say that any error is shown by this bill. Besides, the testimony shows that the appellant, Coulson and Montgomery were seen together immediately after the robbery occurred and the testimony further reveals the fact that the defendant made a statement to the officers when he was arrested to the effect that he got $9.00 of the money taken from Riggs and that Coulson got $11.00 and the other $8.00 went to the other boy.

Complaint is also made at the court's action in permitting the witness Davis to testify that he got $7.00 in the form of a five-dollar bill and two one-dollar bills off of Montgomery, as well as some loose change that was in his pocket. We think

in view of the appellant's confession to the officer Eubanks that this testimony was clearly admissible, and we also think it was admissible to show that Montgomery had changed a dollar bill between the time of the robbery and the time he was arrested. This would be a circumstance tending to corroborate the voluntary statement made by the appellant to Eubanks to the effect that he got $9.00 of the injured party's money, that Coulson got $11.00 of it and that Montgomery got $8.00 of it.

Appellant complains because the court refused to instruct the jury to acquit in the event the jury should find that the taking of the money from Jimmie Riggs was done in a spirit of fun. The only testimony we find in the record suggesting the theory that the robbery was done in a spirit of fun is that given by the officer who arrested the appellant to the effect that among other things the appellant said when he asked him "How come you boys to hold him up?" and that he answered "We just decided we would have a little fun out of him." In addition to this the appellant testified that when the officer asked him "if he had heard about Jimmy Riggs being high-jacked and he said no sir, I had not heard about him being high-jacked, us boys held him up down there a while ago for fun, that was the reason we held him up." The court in his main charge to the jury instructed them that if they believed from the evidence that the defendant acted in fun and with no intention upon his part of appropriating Jimmy Riggs' money or any part of the same to his own use and benefit and with the intention of returning same to him or if they had a reasonable doubt as to whether or not such were the facts and the intention of the defendant then they should give the defendant the benefit of the doubt and acquit him.

We think this charge succinctly and properly presented the issue raised by the evidence and protected every right that appellant had with reference to his defense. We have carefully considered the objections urged to the court's charge and fail to find any merit therein.

Believing that the appellant has had a fair trial and that no error is shown by the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Our opinion is assailed by the motion in only one point, viz: that we erred in saying that the trial court did not abuse his discretion in permitting certain officers to be exempted from the rule invoked by appellant regarding witnesses. Many authorities will be found cited under Art. 719 of Vernon's C. C. P. holding that the trial court has great discretion in the matter of allowing witnesses to remain in the court room when the rule is invoked, one case being cited where the brother of deceased, who was familiar with the facts, was permitted to remain in the court room while other witnesses were under the rule. The witnesses who were allowed to remain in the court room were officers. The burden always rests on the one attacking a matter which is by the courts deemed erroneous only when it is shown that the discretion of the trial court has been abused, to show some facts amounting to such abuse. We do not think the facts in the instant case show same, and the motion for rehearing will be overruled.

*Overruled.*