## HARVEY BANKS v. THE STATE.

No. 9803.   Delivered Jan. 27, 1926.

Rehearing denied April 21, 1926.

### 1.—Sale of Intoxicating Liquor—Evidence—Properly Admitted.

Where, on a trial for the sale of intoxicating liquor, appellant having denied the sale to Charlie Johnson as testified to by Johnson, there was no error in permitting the state to prove by the witness Curtwright, that on the day of the sale he saw appellant and another party near a field, and

after they left, on investigation he found some whiskey in a fruit jar in said field. Such fact being a circumstance tending to corroborate the witness, Curtwright. See Branch's Ann. P. C. 166, for collation of authorities.

ON REHEARING.

**2.—Same—Bill of Exception—Incomplete—Presents No Error.**

To be considered on appeal a bill of exception must set out the surrounding circumstances, to a degree that will enable the court to determine from the bill alone, whether in the ruling of which complaint is made error was committed, and must not be in question and answer form. Appellant's bill of exception Nos. 1, 2, 3, 4 and 5 failing to meet these requirements of our statutes and decisions, cannot be considered. See Ard v. State, 276 S. W. 263, and other cases cited.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Sid Crumpton* and *Geo. W. Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Bowie County for the offense of selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The appellant was charged with and convicted for selling a half a gallon of corn whiskey to one Charlie Johnson. The state's contention was, and if believed, showed that the appellant sold the whiskey in question to said prosecuting witness Charlie Johnson, for the sum of $6.00. It was the contention of the appellant, and he so testified, that he made no such sale and had no conversation relative thereto with said prosecuting witness at the time and place in question.

The record discloses five bills of exceptions. Bills 1 and 2, as presented, show no error.

Complaint is made by appellant in bill of exception No. 3 to the action of the court in permitting the state to prove by the witness Curtwright that on the day of the alleged sale in question, and as we understand the record, near the scene of the alleged sale and prior thereto, that he saw appellant and another party near a field, and after they left, he made some

investigation and found some whiskey in a fruit jar in said field. Appellant contends that this was proving another and different transaction, and no way connected with the case on trial, and because it was not shown that the defendant knew the whiskey was there. As we understand the record this was not offered for the purpose of showing another and different sale, but was offered for the purpose of showing and connecting the appellant with whiskey near the scene of the alleged sale, which the state contended was sold by him to the witness, Charlie Johnson, and to which appellant denied any connection therewith. While this testimony would not be admissible to show an additional sale involving a separate offense, still we think the purpose of showing the appellant's connection with this whiskey near the scene of the alleged sale and a short time prior thereto, makes the testimony admissible, and there was no error in admitting it. It was also a circumstance in support of the theory of the state tending to connect him with the sale in question. For collation of authorities, see Branch's Ann. Penal Code, Sec. 166.

Bills of exceptions 4 and 5 complain of the action of the court in refusing to instruct the jury not to consider said testimony of said Curtwright relative to finding the whiskey above mentioned, and what we have said concerning the admission of said testimny disposes of these bills.

We have carefully examined the entire record, and fail to find that same shows any error of the trial court, and are therefore of the opinion that the judgment should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, JUDGE.—From Bill of Exceptions No. 1 it is made to appear that while the witness, Charlie Johnson, was testifying, the District Attorney elicited from him the admission that he had plead guilty to a felony and had been given a suspended sentence. The bill does not explain the setting or the surrounding circumstances, and we are unable to determine the relation of the case to the testimony in question.

To require consideration, it is essential that the bill of exceptions be self-explanatory to a degree that will enable the court to determine from the bill alone whether in the ruling of which complaint is made, error was committed. See Ard v. State, 276 S. W. 263; Coulson v. State, 277 S. W. 135; Carter v. State, 277 S. W. 395; Quinn v. State, 279 S. W. 458; Conger v. State, 63 Texas Crim. Rep. 327; Walker v. State, 9 Texas Crim. App. 200; and other authorities collated in Branch's Ann. Tex. P. C., Sec. 207. A recital of the objections does not dispense with the necessity of stating the explanatory facts. See Smith v. State, 4 Texas Crim. App. 630; Hennessey v. State, 23 Texas Crim. App. 355, and other cases collated in Branch's Ann. Tex. P. C., Sec. 209.

Bill No. 2 is amenable to the faults pointed out with reference to Bill No. 1, and in addition thereto, is but a transscription of the stenographer's notes in question and answer form, and for that additional reason is defective. See Cantrell v. State, 280 S. W. 595; Montez v. State, 276 S. W. 709; Soderman v. State, 97 Texas Crim. Rep. 23; Reese v. State, 94 Texas Crim. Rep. 220; Jetty v. State, 90 Texas Crim. Rep. 346.

The substance of Bill No. 3 is that a witness saw the appellant and another person standing in the field and that thereafter he found some whiskey in a fruit jar in the field. Objection was made that this was not in any way connected with the transaction involved in the trial. This is but in the nature of an objection, and no facts are embraced in the bill from which this court can determine that in receiving the testimony the court committed error. The presumption is in favor of the correctness of the court's ruling. See Moore v. State, 7 Texas Crim. App. 14; Cavaner v. State, 269 S. W. 1053. As stated above, a bill in order to demand consideration, should be complete in itself, and the mere recital of objections is not tantamount to a certificate of facts.

Bill No. 4 relates to a requested charge apparently touching the same transaction as that to which Bill No. 3 refers. It is not more specific than is Bill No. 3.

The same may be said of Bill No. 5 which relates to the same transaction.

The motion for rehearing is overruled.

*Overruled.*