## Lloyd Mimms v. The State.

No. 15261. Delivered May 18, 1932.
Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 601.

The opinion states the case.

*Baskett & De Lee,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is robbery; penalty assessed at confinement in the penitentiary for twenty-five years.

Wesley Sallis was in charge of a filling station belonging to an oil company of which Russell Anderson was also an employee. According to Anderson, the following took place: Two men riding in an automobile, which Anderson described, drove into the filling station and asked for water and air. While Anderson was preparing to comply with their request, Mimms (who was one of the men in the automobile), said: "We don't want air. Go to the cash register and open it up." Mimms at the time had a pistol which he pointed at Anderson, who went to the cash register and opened it. Mimms took from it $63.44, while Anderson, in obedience to Mimms' order, was standing in a corner. Sallis took no note of the men as they drove into the station, but, upon hearing the command given by the appellant to Anderson to open the cash register, started to turn around, when he was ordered to remain seated and refrain from moving or turning his head. Believing that he would be killed if he disobeyed, Sallis remained seated without turning his head. The robbers got into their automobile and drove away. Sallis was manager of

the filling station, and the money taken was under his care and in his charge. He testified that he submitted to the taking of the money because he feared he would be killed by the men who committed the robbery.

Appellant claims that the evidence does not support the verdict, and complains of the refusal of the court to give an instruction to the jury to bring in a verdict of acquittal. As understood, the basis of the appellant's complaint is that there is a variance between the proof and the averment charging the assault upon Sallis. Appellant cites Powell v. State, 60 Texas Crim. Rep., 201, 131 S. W., 590; Abernathy v. State, 55 Texas Crim. Rep., 77, 114 S. W., 1178; Hunt v. State (Texas App.), 13 S. W., 858.

The cases to which the appellant refers are not regarded as at all in point on his proposition that the evidence is insufficient. Hunt's case, was one of assault with intent to murder. It was reversed because of an erroneous definition of the term "assault." In Abernathy's case the accused was convicted of swindling. It was reversed upon the ground that of some of the alleged false representations submitted to the jury there was no evidence. In the Powell case the accused was convicted of robbery, and the case was reversed because the averment in the indictmnt that the person injured was put in fear of his life and bodily injury was not supported by any testimony.

In the charge of the court, an approved definition of assault was given as follows: "The use of any unlawful violence upon the person of another with intent to injure such person, whatever be the means or degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture, showing in itself or by words accompanying it an immediate intention, coupled with an ability to commit a battery, is an assault."

Appellant's exception to the charge is in the following language: "He objects and excepts to said charge in submitting to the jury the issue of a robbery by assault or violence for the reason that the evidence is not sufficient to authorize such submission."

The following cases are deemed pertinent to support the ruling of the court in the present instance: Montgomery v. State, 101 Texas Crim. Rep., 474, 276 S. W., 250; Coulson v. State, 102 Texas Crim. Rep., 8, 277 S. W., 135; Knight v. State, 102 Texas Crim. Rep., 13, 277 S. W., 138.

We have been referred to no precedent which would support the conclusion that the evidence developed upon the present trial would not justify the court in submitting and the jury in deciding that the evidence showed an assault upon Sallis.

The identity of the appellant was vouched for by the testimony of Anderson. The appellant, by his testimony and by that of others, pre-

sented the theory of alibi. The controverted question was submitted to the jury in a proper charge acceptable to the accused.

The first count of the indictment charged robbery by assault and by the exhibition of a pistol; the second count omitted any reference to the use of firearms, pistol, or deadly weapon of any kind. In the charge of the court the first count of the indictment was withdrawn, and the elements of the second count alone were before the jury for consideration, and formed the basis of the verdict.

The conduct of the court in declining to order a special venire, we understand, is supported by the following cases: Crouch v. State, 87 Texas Crim. Rep., 115, 219 S. W., 1099; Gonzales v. State, 88 Texas Crim. Rep., 248, 226 S. W., 405; Sweeney v. State, 103 Texas Crim. Rep., 393, 281 S. W., 571; Viley v. State, 92 Texas Crim. Rep., 395, 244 S. W., 538; Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W., 163.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Two points are urged on this rehearing, viz: That the case should not have been submitted to the jury on the theory of robbery by assault and violence; also that the testimony is insufficient. Both points were discussed in our original opinion. We appreciate the ability and unfailing courtesy of appellant's attorneys, but find ourselves of the same opinion as when we originally wrote, after examining the motion and reviewing the authorities therein discussed.

Under the charge as given there could be no conviction except the testimony show beyond a reasonable doubt that Mimms made an assault on Sallis, and by said assault, or by violence to Sallis, or by putting Sallis in fear of life or bodily injury, took from him the property described. In other words, if the assault had been proved, then, if by either one of the three ways set out in article 1408, P. C., towit, by assault,—by violence,—by putting in fear, etc., the property was obtained, the offense would be complete. On the facts as told by state witnesses, there could be no question of the assault, which, as defined by the charge, would be "Any threatening gesture showing in itself, or by words accompanying it, an immediate intention, coupled with an ability to commit a battery." That appellant had a pistol in his hand, and, standing a few feet from Sallis and behind him, ordered Sallis not to turn or move; that he was obeyed by Sallis, as stated by the latter, because he feared for his life; that Sallis sitting near the cash register, sat there without turning or moving because, as he said, he knew appellant had a pistol and was in fear of his life; that appellant, holding the pistol in his hand, went to the cash register and rifled same, took therefrom money under the control and management of Sallis is undisputed. This would, if true, make out a

558

plain case of assault, and a taking of money by said assault and by putting in fear of life, etc. Hunt's case, 13 S. W., 858, is not in point. Hunt drew a knife upon a man who was out of reach, walking away, and never saw the knife or knew that Hunt had drawn it. The court in his charge defined an assault as the use of any dangerous weapon, or semblance thereof, in an angry and threatening manner, with intent to alarm another, and *under circumstances reasonably calculated to effect that object*. This court correctly held the charge to be without application to the facts, but we are unable to see any analogy between the holding in that case on its facts and the charge given in this case, on its facts, except that in each case the back of the assaulted party was turned toward the accused, which might, in Hunt's case, keep it from being an assault, under the charge, but not so here.

The fact that in the charge the court included the words "or by violence" would not constitute reversible error. There are many kinds of violence, and the statute does not mention physical injury to the person as the kind of violence intended. The Powell case, 60 Texas Crim. Rep., 201, 131 S. W., 590, cited, was not reversed upon the proposition therein contained which might make it analogous. The Abernathy case, 55 Texas Crim. Rep., 77, 114 S. W., 1178, also cited, was reversed for failure to prove material averments, in a swindling case, upon which apparently the state relied. Certainly in this case, if the state had alleged that the robbery was committed "by violence" alone, and if the record showed that such averment was not supported, a reversal should have been ordered. In this case, however, there was proof of an assault and proof of a putting in fear, and we are not prepared to say that there was not proof of violence. We think the evidence sufficient to justify the jury in their verdict.

The motion for rehearing will be overruled.

*Overruled.*