BESS ARMSTRONG V. THE STATE.

No. 15398.   Delivered November 16, 1932.
Reported in 54 S. W. (2d) 525.

The opinion states the case.

*D. T. Moore,* of Aquilla, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Selling intoxicating liquor is the offense; the punishment, two years in the penitentiary.

The state's testimony was to the effect that the appellant sold to one Earl Landrith on or about the first day of October, 1931, a gallon of whisky for which he paid her $5.50, and the state's evidence shows that this transaction took place at appellant's residence.

The appellant did not testify as a witness in her own behalf. Two children were introduced by appellant, the effect of whose testimony was that the purchaser either brought the whisky to the place himself or he knew of its presence near appellant's house, and he went and got it, and the appellant had nothing to do with the sale of said liquor.

164

There is only one bill of exception in the record. It appears from said bill that, upon cross-examination of the witnesses Weldon Armstrong and Melvin Lee Armstrong, they were asked the question whether they were in school on the day the alleged sale of whisky was alleged to have been bought of their mother and if school was in session on that day, which testimony was objected to by the appellant on the grounds that said matter was immaterial and prejudicial. The court overruled said objection, and appellant excepted.

This bill is insufficient of itself to manifest the supposed error. Not enough of the surrounding facts and circumstances are stated to enable this court to determine the merits of the bill and the correctness of the ruling involved to show that the evidence was inadmissible and that the ruling was erroneous and hurtful to the cause of the appellant, which is necessary in order to determine its admissibility or effect. The bill as presented does not show reversible error. See Texas Jurisprudence, vol. 4, secs. 216 and 217, and authorities there cited; Branch's Ann. P. C., sec. 207; Thompson v. State, 29 Texas Crim. Rep., 208, 15 S. W., 206; Baker v. State, 67 Texas Crim. Rep., 476, 145 S. W., 607.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.