LEON LAZARINE V. THE STATE.

No. 21893. Delivered February 4, 1942

The opinion states the case.

*H. L. Edwards,* of Nacogdoches, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Driving an automobile while intoxicated is the offense; the punishment, a fine of $75.00.

A policeman of the City of Nacogdoches arrested appellant, while driving his automobile on Main Street of that city. The policeman, as also a deputy sheriff, who saw the appellant after he had been carried to jail, testified that he was drunk and was under the influence of intoxicating liquor. This testimony was sufficient to authorize the jury's conclusion of guilt, notwithstanding appellant's contradictory testimony relative thereto. Disputed issues of fact are for the jury, and its finding thereon will not be disturbed by this court.

The indictment in this case shows to have been returned and filed, in the District Court of Nacogdoches County, on the 13th day of February, 1941, and alleges that the offense was committed on the 25th day of January prior thereto. Under the provisions of Art. 802, P. C., as it existed at that time, the offense charged was a felony.

By Chapter 507, Acts of the Regular Session of the 47th Legislature, 1941, Art. 802, P. C., was amended so that the offense charged in the indictment was reduced from a felony to a misdemeanor. Such amendment became effective June 17, 1941. The judge of the said district court, recognizing that, upon the effective date of such Act, the offense charged was then a misdemeanor, did, on the 28th day of June, 1941, by reason of such change, transfer the case to the county court of said

county, by the following order, which, together with the clerk's certificate thereto, reads as follows:

"It appearing to the Court from an inspection of the indictment, that this Court has not jurisdiction of this case, the same being a misdemeanor, and that the County Court of Nacogdoches County, Texas, has jurisdiction of the same, it is ordered that the said case be and the same is transferred to said County Court of said county.

"I, F. E. Crawford, Clerk of the District Court of Nacogdoches County, Texas, do certify that the foregoing contains a true copy of all the proceedings taken in the said District Court in the criminal case of THE STATE OF TEXAS v. Leon Lazarine, No. 7626, also a bill of the cost that *have* accrued thereon in said Court."

The case being thus transferred came on for trial in the county court on the 21st day of July, 1941, whereupon appellant, before announcing ready for trial, challenged, by motion, the jurisdiction of the county court because the district clerk, in transferring the case, did not accompany the transfer with a certified copy of all proceedings taken in the district court, together with a statement of the costs that had accrued in the district court, as provided by Art. 421, C. C. P., which reads as follows:

"The clerk of the court, without delay, shall deliver the indictments in all cases transferred, together with all the papers relating to each case, to the proper court or justice, as directed in the order of transfer; and shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and with a bill of the costs that have accrued therein in the district court. The said costs shall be taxed in the court in which said cause is tried, in the event of a conviction."

This statute has reference to those cases where the indictment, upon its face, charges an offense of which the district court does not have jurisdiction, as set out in Art. 419, C. C. P.

In the instant case, the indictment, when returned and filed in the district court, charged a felony of which that court had jurisdiction, and which it retained until, by the Act of the Legislature mentioned, jurisdiction was transferred to the county court.

The conclusion is reached that, under the circumstances here presented, Art. 421, C. C. P., does not apply.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.