# DECEMBER 22, 1943

VERNON GREEN V. THE STATE.

No. 22691. Delivered December 22, 1943.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is selling whisky in a dry area. The punishment assessed is a fine of $100.00.

Appellant brings forward two complaints, the first of which relates to the sufficiency of the evidence to sustain his conviction. The second relates to the admission of certain evidence. We will discuss these questions in the order in which they are presented.

The State's testimony, briefly stated, shows that on the 25th day of April, 1943, an agent of the Texas Liquor Control Board purchased from the appellant in the town of Leonard, in Fannin County, Texas, one pint of whisky. The record also discloses that Fannin County is a dry area. The whisky purchased from the appellant was introduced on the trial of the case. Appellant's plea was that of an alibi, which he supported by his own testimony and by that of several other parties, each of them testifying that late in the afternoon of April 23rd, they went with the appellant to Bridgeport, in Wise County, on a fishing trip; that they remained in that county until the 28th day of April, when they returned to Leonard. It will be noted that an issue of fact was raised which the jury, who are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, decided adversely to the appellant's contention; and this finding of fact by the jury is binding upon this court. See Boaz v. State, 154 S. W. (2d) 849; Ward v. State, 158 S. W. (2d) 516; Lazarine v. State, 158 S. W. (2d) 537, and cases cited.

There is but one bill of exception in the record in which appellant complains of the action of the court in permitting the County Clerk to read from a pamphlet issued by the Game, Fish & Oyster Commission that it was unlawful "to take bass or crappie" during the months of March and April; that the fishing season did not begin until the first day of May, and a license to fish could not be lawfully issued before said date; to which appellant objected on the ground that it was irrelevant, immaterial and prejudicial. This bill is insufficient to manifest the supposed error. Appellant has not set out therein enough of the surrounding facts and circumstances to enable this court to determine the merits of the bill so as to show that the evidence was erroneously admitted and was prejudicial. This is necessary in order for this court to determine that there is merit in his complaint. See. 4 Tex. Jur. p. 316, sec. 217; also Armstrong v. State, 122 Tex. Cr. R. 163; Banks v. State, 104 Tex. Cr. R. 38, 282 S. W. 225.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.