# NOVEMBER, 1925.

### E. L. RANDOLPH v. THE STATE.

No. 9461.  Delivered June 17, 1925.

Rehearing Denied November 4, 1925.

1.—Possession of Intoxicating Liquor—Evidence—Held, Res Gestae—Properly Admitted.

Where appellant, a pullman car porter while near his car, on a side track, was approached by an officer, and after being questioned by the officer ad-

mitted that he had whisky in his car, and accompanied by the officer went into the car, and produced from under the berths, three suit cases, containing thirty six quarts of whisky, his statements to the officer, and the finding of the whisky were all res gestae of the transaction and were properly admitted.

### 2.—Same—Charge of Court—Held, Correct.

Where on a trial for possession of intoxicating liquor, the evidence disclosing that appellant was found in possession of thirty-six quarts of whisky, the court properly charged the jury that "the law provides that the possession of more than one quart of intoxicating liquors shall be prima facie evidence of the guilt of the person charged" and there being no claim that such possession was within the exemptions of the statute, it was not error to fail to charge on his right, to rebut the legal presumption arising from such possession.

### 3.—Same—Judgment and Sentence—Reformed.

The judgment and sentence not being in conformity with our suspended sentence law, same is reformed so as to adjudge, and sentence appellant to be guilty, and to be punished by confinement in the penitentiary for not less than one, nor more than two years, and as reformed, the judgment is affirmed.

#### ON REHEARING.

### 4.—Same—Evidence Held Sufficient.

On a careful consideration of appellant's motion for rehearing, we are confirmed in the correctness of our original opinion in this case. The undisputed evidence shows that appellant was in charge of the Pullman car in which thirty six quarts of whisky was found, which he admitted to the officer belonged to him and which was properly admitted, and is conclusive, and the motion for rehearing is therefore overruled.

Appeal from the District Court of Taylor county. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for possession of intoxicating liquor, for the purpose of sale; penalty, two years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in district court of Taylor county of possessing intoxicating liquors for the purpose of sale, with punishment fixed at two years in penitentiary, this appeal is taken.

Appellant was a Pullman porter. A Pullman car was set out by the railroad company and was in the yards at Abilene. An officer, acting upon information conveyed to him, went to appellant who was near the car mentioned, and asked him how much stuff he had

in that car. Appellant replied, asking the officer what he meant, and the officer said, "How much whisky have you got in that car?" to which appellant replied, "Well, you have got me, Mr. Jennings, I have got it." The officer then said to appellant that they would go and get it, and the two men walked up to the Pullman. When they reached the car the officer said to appellant, "Where is it" and appellant reached up under an upper berth and pulled down a suit case, and then reached under a lower berth and pulled out another and said that was all he had. The officer then said, "Be sure that is all because I am going to search it," and thereupon appellant reached over on the other side of the aisle and pulled out another suit case and again said that was all. The officer testified that the liquor in the suit cases was Mexican whisky and that it was intoxicating. No controversy is made of the fact that same was intoxicating. The facts are deemed sufficient to support the judgment.

There are two bills of exception, each seemingly complaining of substantially the same matter, that is, the conversation that took place between appellant and the officer, it being objected that appellant was under arrest and had not been legally warned, and that his statements were made in response to questions propounded to him by the officer. In his first bill of exceptions it is also made to appear that after the court had overruled the objections to the introduction of the testimony, made upon the ground above stated, appellant asked the court to instruct the jury not to consider the testimony of the officer for the reason, first, that appellant was under arrest and had not been warned, and, second, that the statements made by appellant to said officer were after he was under arrest and were in response to questions propounded by said officer, and that the said statements of appellant did not lead to the discovery of the whisky. There is an apparent effort in said bills of exception to draw a legal distinction between the rules governing the statement made by appellant to the officer before they went to the car, and the statements made after the car was entered by them. Our views in regard to same are that no error was committed in admitting any of the testimony.

Appellant was the Pullman porter in charge of a sleeping car which ran to Abilene and was there set out on the side tracks. The conversation that took place between appellant and the officer before they went to the car was clearly admissible because of the fact that the statements then made by appellant were found to be true and led to the finding of the illegally possessed liquor. In such case the fact that the accused is under arrest and unwarned, cuts no figure. After this conversation ended and appellant and the officer went to the Pullman, where appellant produced the whiskey which he had in his possession, the statements made at that time and place

were admissible under the rule of *res gestae*. The charge was the unlawful possession of intoxicating liquor. Appellant was then and there in possession of it. His statements were *res gestae* of his possession and of the transaction resulting in his being found in such possession by the officer. *Res gestae* statements are admissible under that rule, regardless of whether the accused be under arrest or not.

Appellant excepted to part of the court's charge which is as follows:

"You are charged that the law provides that the possession of more than one quart of intoxicating liquors shall be *prima facie* evidence of the guilt of the person charged."

The criticism of said charge is that is assumes the accused was in possession of more than a quart of intoxicating liquor, and assumes that the liquor was intoxicating, and that such charge is on the weight of the evidence. We observe that the testimony was before the court without dispute of the fact that appellant was in possession of more than a quart of intoxicating liquor, he having in fact three suit-cases or thirty-four quarts of such liquor. It is also without dispute that the liquor was intoxicating. Said charge is not on the weight of the evidence but is in the language of the statute. We might further observe in this connection that had appellant in any way undertaken to explain his possession of such intoxicating liquor, it would have been incumbent upon the court to have given the remainder of the law passed by the Thirty-eighth Legislature on this subject, which is, in substance, that the accused has the right to rebut by testimony the presumption arising from his possession of more than a quart of liquor. We have considered the able brief filed by appellant but do not consider any of the numerous authorities therein to hold to the contrary of what we have said.

We observe that the judgment and sentence are for a period of two years in the penitentiary. This is not in conformity with our indeterminate sentence law. Said judgment and sentence will be corrected and reformed so as to adjudge and sentence appellant to be guilty and to be punishable by confinement in the penitentiary for not less than one nor more than two years.

Finding no error in the record, the judgment and sentence as reformed and corrected will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In an able motion and argument, showing extended investigation of the authorities, appellant urges error in our former opinion. We are in entire accord with the authorities

cited by appellant, but find ourselves unable to agree with the contention made that they apply to the instant case. The statement of facts is very short, containing only two pages and we find absolutely nothing therein supporting appellant's insistence that his objection to testimony as to his statement made about the time of his arrest, should have been sustained because the officer already knew of the intoxicating liquor in the Pullman car. Said statement of facts shows that the officer had recent information which led him to believe that appellant was selling whiskey and this caused him to make the investigation which led to the finding of the intoxicating liquor in appellant's possession. This led us to say in the original opinion that the officer, "acting upon information conveyed to him, went to appellant," etc. This statement of ours largely forms the basis for the ingenious argument of appellant's counsel. The sheriff did not know anything of the kind, character or location of the particular liquor found by him in pursuance of the statement made by appellant. The authorities cited in the motion seem to us to have no application. We believe that for both of the reasons assigned in the original opinion, the statements made by appellant to the sheriff were admissible as evidence. The record discloses that it was the custom for the T. & P. Ry. Co., to set out at Abilene a Pullman car and that appellant was the porter who accompanied said Pullman. There is no suggestion in the record and we have no reason to believe that a conductor was set out at the same time, or that any one else had anything to do with the Pullman while it was on the side-track at Abilene, save and except appellant.

Not being able to agree with the contentions made, the motion for rehearing will be overruled.

*Overruled.*