### CANUTO SILVA and GERARDO ZAMORA V. THE STATE.

No. 9627.   Delivered December 9, 1925.

**1.—Robbery—Confession of Accused—Voluntary Character of.**

Where, on a trial for robbery, two defendants being jointly tried, the state having offered in evidence both written and oral confessions of each of them, the voluntary character of such confessions being questioned, the trial court should not have retired the jury while hearing evidence on this issue. That being a jury question, the evidence relating to it should have been heard by the jury. Following Morris v. State, 39 Tex. Crim. Rep. 377. Also see Branch's Ann. P. C. Sec. 75.

**2.—Same—Verbal Confession—When Admissible.**

Art. 727 C. C. P. (1925) provides that a verbal confession by an accused, made while under arrest, may be received in evidence against him, when it results in the discovery of secreted property, connected with the alleged offense. Following McClure v. State, 100 Tex. Crim. Rep. 545.

**3.—Same—Requested Charges—Practice in Trial Court.**

Where an issue is raised by the evidence and a special charge carrying such issue, is requested, it is error to refuse such requested charge, even though exception is not taken to the failure of the court to embrace such issue in his main charge. The main charge being silent upon the subject, the failure to supply the omission could be raised by complaint of the refusal of the special charge. Following Parker v. State, 98 Tex. Crim. Rep. 216, and other cases cited.

**4.—Same—Subject Continued.**

Where by reason of the form of the requested charge, the court may be justified in refusing to give same, as written, if however the subject was demanded by the evidence the requested charge is deemed sufficient to call the court's attention to the omission, and to make it incumbent upon him to give either the special charge, or one in his own language covering the subject. See authorities above cited.

.5.—Same—Confession of Accused—Corroboration Required.

To support a conviction for robbery with the death penalty, it is necessary to prove that in the commission of the offense a firearm or deadly weapon was used or exhibited, and that the appellant was the guilty agent. This could not be shown by the confession alone; nor was it required that under the law, the proof come wholly from evidence, independent of the confession. Following Kugadt v. State, 38 Tex. Crim. Rep. 681; Aven v. State, 95 Tex. Crim. Rep. 159.

6.—Same—Corroboration of Confession—When Necessary.

Where on a trial for robbery with firearms, if the evidence, independent of the confession of accused, clearly establishes the state's case, the necessity for a charge on corroboration of the confession might not exist. If, however, the evidence aliunde the confession, is not of a conclusive character, the court should submit this issue in an appropriate instruction to the jury. See Willard v. State, 27 Tex. Crim. Rep. 391, and other cases cited. Also Branch's Ann. P. C. Sec. 75.

7.—Same—Evidence—Confession of Accused—Corroboration Insufficient.

In the instant case, aside from the confession, it is not sufficiently shown that the offense of robbery with firearms was committed on Redman. Omitting the confession, it was not shown that Redman was killed or wounded. Neither was it shown that the automobile was in the possession of the appellant, or either of them; nor that the goods belonging to Redman were taken from him. These essential elements of the crime came from the confession alone.

8.—Same—Charge of Court—On Corroboration of Confession—Erroneously Omitted.

In this state of the record, the corroborating evidence adduced upon the trial is not of such cogency as to dispense with the necessity of having a charge upon the corroboration of the confessions, to the end that the jury might know that under the law of the land, a confession made by the accused out of court, would not alone be sufficient to establish his guilt. For this omission in the court's charge, the cause must be reversed and remanded.

Appeal from the District Court of Hidalgo County. Tried below before the Hon. Hood Boone, Judge.

Appeal from a conviction of robbery with fire arms, penalty death, assessed against both appellants.

The opinion states the case.

*Lee Minner, Ramsower, Minner & Seawall* of McAllen, for appellants.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; punishment fixed at death.

The deceased, Meyer Redman, was a peddler. He traveled from place to place, carrying his wares in a Ford car.

The written statements of each of the appellants were introduced in evidence. According to these statements the two appellants and one Quintinilla entered into a conspiracy to kill the deceased in order to acquire his property. They subsequently carried the agreement into effect. Two of the appellants laid in wait for the deceased while the third went with him in his car, and as they approached a certain point, the deceased was killed by Quintinilla, his car was stripped of the tires and other detachable things of value, the body of the deceased was bound to the steering wheel, and the car, with the body attached, was thrown into the Rio Grande River. The merchandise which was in the car was appropriated by the conspirators by taking it across the river into Mexico and there disposing of it. All the foregoing comes from the statements of the accused above mentioned.

Several of the bills of exception relate to the procedure followed with reference to the written confession of each of the appellants. Bills Nos. 1, 2 and 3, relate to the confession of Silvas; others of like nature related to the confession of Zamora.

The testimony descriptive of the condition of the automobile showing that it had marks of bullet holes in the cushion and the finding of a bullet in the car was not improperly received. These coincide with the confessions of the appellants and were corroborative thereof.

In Bill No. 13 complaint is made of the receipt in evidence of proof that at the point where the deceased was killed, there were found remnants of certain papers upon which there were certain inscriptions. The finding of these papers was corroborative of the confession of the appellants to the point that some of the effects of Redman were burned at the place of the homicide and the taking of his property. See Gray v. State, 268 S. W. Rep. 941.

The court, at the request of the appellants, caused the withdrawal of the jury while the predicate for the introduction of the written confessions was laid. The reason for this request is not apparent, as the only question dealt with related to the voluntary nature of the confessions. That being a jury question, the evidence relating to it should have been heard by the jury. See Morris v. State, 39 Tex. Crim. Rep. 377; Branch's Ann. Tex. P. C., Sec. 75. The bill, as qualified, shows, however, that the privilege of introducing evidence on the issue mention-

ed during the absence of the jury was tendered the appellants. Moreover, it is gathered from other parts of the record that testimony on the issue mentioned was subsequently heard by the jury. Upon the record as presented, it is conceived that in receiving the written confessions of the appellants in evidence, no error was committed.

In addition to the written confessions, there was received testimony to the effect that each of the appellants had made verbal confessions. The verbal confession of Silva was proved by the witness Baker, and that of Zamora by the witness Dennet. It appears that these verbal confessions were made separately and that the circumstances detailed by the witnesses named led to the discovery of the automobile mentioned and were such as authorized the receipt of the evidence under that part of the statute which declares that a verbal confession or statement of one accused, while under arrest, may be received in evidence against him, when it results in the discovery of secreted property connected with the alleged offense. See Art. 727, C. C. P. (1925); McClure v. State, 100 Tex. Crim. Rep. 545.

Two special charges attempting to have submitted to the jury the necessity for corroboration of an extrajudicial confession were refused and exception reserved. In qualifying the bill, note is taken of the fact that there was addressed to the court's main charge no exception upon the ground of the omission to charge on the subject of corroboration. The main charge being silent upon the subject, the failure to supply the omission could be raised by complaint of the refusal of the special charge. See Parker v. State, 98 Tex. Crim. Rep. 216; Boaz v. State, 89 Tex. Crim. Rep. 515; Linder v. State, 94 Tex. Crim. Rep. 316. Owing to the form of the charges, the court may have been justified in refusing to give them as written. If a charge on the subject was demanded by the evidence, however, the requested charges are deemed sufficient to call the court's attention to the omission and to make it incumbent upon him to give either one of the special charges or one in his own language covering the subject.

To establish the offense of robbery under circumstances authorizing a death penalty, it was essential that there be proof that Redman was robbed; that in the commission of the offense a firearm or deadly weapon was used or exhibited, and that the appellants were the guilty agents. This could not be shown by the confession alone; nor was it required that under the law the proof come wholly from evidence independent of

the confessions.   Kugadt v. State, 38 Tex. Crim. Rep. 681; Aven v. State, 95 Tex. Crim. Rep. 159.   If, in the present case, the offense of robbery with firearms were established by evidence independent of the confessions of the accused, the necessity for a charge upon corroboration might not exist.   As said by Mr. Branch in his Ann. Tex. P. C., Sec. 75:

"Where there is no doubt that the crime has been committed by somebody, and defendant's agency with it is shown alone by his confession, it is not reversible error to fail to charge that a conviction could not be had upon a confession alone."

See also Willard v. State, 27 Tex. Crim. Rep. 391; and cases collated in Branch's Ann. Tex. P. C., Sec. 75; Aven v. State, 95 Tex. Crim. Rep. 160.   Aside from the confession, it was shown that Redman, a peddler, departed from his home in Houston, Texas, in a Ford automobile with a quantity of mer-chandise on the 12th day of August and had not afterwards returned to Houston.   On the 13th of August, he was seen at the store of the witness Greenfield in the town of Mission. Upon leaving the store, Redman told Greenfield that he would return that night but he failed to do so.   From his testimony, we quote:

"There was a boy in the car. * * * That is the first time I saw that boy.   He was a young boy, shaved up nice and smooth with a little cap.   He looks like this one (Silva).   He had a little black cap, and ten days later I didn't recognize him, he had a big Mexican hat on and I didn't recognize him.   He looks like this man here.   I don't know where they went to then.   Put the goods in the car and left.   I didn't see the time they left; he told me he would be back tonight and I never saw him any more."

About two weeks after Redman was last seen, as related by the witness Greenfield, the automobile in which he was traveling was discovered in the Rio Grande River about a mile from the village of Tobasco.   The car had been stripped of its tires, battery and other movable parts of value.   The steering wheel was broken and had a piece of barbed wire attached to it. There was a bullet hole in the rear seat of the car; also a bullet in the car.   On the ground near the place where Redman was supposed to have been killed, there were found some charred pieces of paper, one of them having data upon it referring to a garage in Houston.   There was a substance having the appearance of blood somewhere near the point where Redman was supposed to have been killed.

The evidence, aside from the confessions, is not deemed sufficient to show that the offense of robbery with firearms was committed upon Redman. Omitting the confessions, it was not shown that Redman was killed or wounded. Neither was it shown that the automobile was in the possession of the appellants or either of them; nor that the goods which belonged to Redman were taken from him. These essentials of the crime come from the confessions alone. No independent proof was made that the appellant Zamora was ever seen in company with Redman or with Silva. According to the confessions, the deceased was killed by one Quintinilla. Aside from the confession, the record is silent as to the existence of such an individual or to the association of any person with the appellants. According to the confessions, Redman's goods were sold, as were parts of his automobile. Of this there is no independent proof; nor does the record reveal any effort to account for its absence.

Touching the connection of the charred paper with Redman, no evidence was introduced other than that which comes from the confession; nor is there any intimation of an inquiry at the garage in Houston to connect the charred paper with Redman. No pistols were found in the possession of either of the appellants. No evidence was adduced that either had owned or possessed a pistol.

In this state of the record, the corroborating evidence adduced upon the trial is not of such cogency as to dispense with the necessity of having a charge upon that subject to the end that the jury might know that under the law of the land, a confession made by the accused out of court would not alone establish his guilt. Such a charge is held necessary in numerous decisions of this court, and in other jurisdictions, because it is hard for the jury to grasp the fact that one who admits his commission of the criminal act is not perforce of this admission alone to be convicted. That such a confession is not always reliable experience teaches and all courts recognize. On the subject, Mr. Greenleaf, in his work on Evidence, says:

"* * * it is a fact that numbers of persons have confessed that they were guilty of the most heinous crimes, for which they suffered the most horrible punishments and yet they were innocent. In the sixteenth and seventeenth centuries, in enlightened England, men and women confessed that they were guilty of witchcraft—communion with evil spirits and suffered at the stake therefor, and at this day men through fear of personal

punishment, or through hope of averting such punishment, confess that they are guilty of crime, without the slightest foundation in truth for such confession."

See also Underhill's Crim. Ev., 3rd Ed., p. 342, note 4, and cases cited.

In the present case, the making of the confessions was not admitted by the accused, and whether they were voluntarily made is challenged· by the evidence and properly became an inquiry for the jury. Sparks v. State, 34 Tex. Crim. Rep. 86; and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 75. The finding by the jury of the truth of the facts embraced in the confessions, beyond a reasonable doubt, and that they were. voluntary was imperative to warrant the verdict rendered. Dunlap v. State, 50 Tex. Crim. Rep. 504; 98 S. W. Rep. 845. The attention of the jury, however, was not directed in the charge of the court to the necessity of a finding that the confession was voluntarily made or that it must be true. Upon another trial, such instruction should be submitted to the jury. In the present instance, it is not so presented by the record as to warrant a reversal because of its omission. The failure, however, to instruct the jury upon the necessity for corroboration of the confessions was sufficiently raised to require its review, and in refusing to give to the jury, in a charge, the learned trial judge, in the opinion of this court, committed error which requires a reversal of the judgment. It is accordingly ordered.

*Reversed and remanded.*