### JACOB M. PENA v. THE STATE.

No. 12046. Delivered November 28, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*Lloyd & Lloyd* of Alice, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment one year in the penitentiary.

The motion for new trial was overruled on March 27th and ninety days from that date allowed in which to file statement of facts and bills of exception. The ninety days expired on June 25th. The statement of facts was approved by the trial judge on June 23d but was not filed in the lower court until June 26th, which was one day too late. See Subd. 5, Art. 760, C. C. P. For authorities see Note 44, Art. 760, Vernon's C. C. P., Vol. 3. The statement of facts can not be considered.

A number of bills of exception are found in the record: they were filed in time. All but one have a qualification appended by the trial judge which qualification is shown to have been excepted to by appellant. Under such circumstances the qualifications will not be considered. Dowd v. State, 104 Tex. Cr. R. 480, 284 S. W. 592; Stapleton v. State, 107 Tex. Cr. R. 596, 298 S. W. 578 and authori-

ties therein cited. The bills of exception are sufficiently full to present the point relied on by appellant. From them we learn the following facts: on the night of February 11, 1928, J. H. Deavers, a deputy sheriff, was at the railroad station in the town of Odem when the train arrived there at midnight. He saw appellant get off the train with a suit case; instead of coming up to the depot with the other passengers he went back down the track staying in the shadow of the train. The officer followed him some fifty yards back down the track and upon overtaking him asked what he had in the suit case; appellant replied that he had "tequila"; the officer then told appellant to come back to the depot and "let's see"; after getting back to the depot appellant unlocked the suit case which contained eleven quarts of "tequila." Appellant knew Deavers was an officer. He had no warrant for the arrest of appellant and no search warrant authorizing the search of appellant's suit case. The officer's evidence as to what appellant told him about the contents of the suit case was objected to on the ground that appellant was under arrest when the statement was made, and all evidence as to the contents of the suit case was further objected to on the ground that no "probable cause" existed authorizing the officer's act, and that all the evidence was obtained in violation of Arts. 4a and 727a, C. C. P., which read as follows:

"Art. 4a. It shall be unlawful for any person or peace officer, or State ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person, without having first obtained a search warrant as required by law."

"Art. 727a. No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

We are not aware of any provision of the Constitution of the state or of the United States or of any law of either which was violated by the officer when he followed appellant down the railroad track and inquired what was in the suit case. Up to this point there had been no search of appellant's "person" or "personal possessions." In answer to the officer's inquiry appellant informed him that he had "tequila" in the suit case. The statement was a part of the very illegal transaction—transportation of intoxicating liquor, a felony—which appellant was at that very moment committing in the officer's "presence." The bill of exception recites that the officer testified as follows:

"I don't know whether or not I would have let him run or get away from me—I wouldn't have shot or anything like that. I wouldn't have let him get away after he told me what was in that suitcase. It was not my intention to let him get away from me after that, and I carried him fifty yards with that intention in my mind. After carrying him that fifty yards, I told him to open the suitcase, and he opened it."

Art. 212, C. C. P. reads as follows:

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.' "

Art. 215 C. C. P. reads:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer is justified in adopting all measures which he might adopt in cases of arrest under warrant."

It would seem the officer under the facts of this case had the right to arrest without warrant under both of said articles. Before having done anything prohibited by the Constitution or laws the officer was informed by appellant himself that he was at the very moment committing a felony in the officer's presence. The arrest being legal the right to search the suitcase followed.

The only bill not relating to the question already discussed complains of the argument of the district attorney. We think no error is shown. The cases of Young v. State, 92 Tex. Cr. R. 277, 243 S. W. 472 and Gothard v. State, 99 Tex. Cr. R. 452, 270 S. W. 177 to which we are referred announce a correct principle but we fail to see its application to the language employed by the district attorney in the present instance.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There appear two file marks on the statement of facts in this case, one of date June 26, 1928, which was called to our attention and considered by us in writing originally, when we held such statement of facts filed too late. It is now certified by the clerk of the trial court that the correct date of such filing, to-wit: June 23, 1928, appears on the opposite side of said document,

and a satisfactory showing explaining the two contradictory entries leads us to conclude that said statement of facts was filed in the court below on June 23rd and should therefore be considered. However we find nothing in same in any way calculated to lead to a different conclusion than the one originally expressed. The facts are practically identical with those in the bills of exception which we fully discussed and set out in our original opinion.

Appellant again insists that the going of the officer to where appellant was, on the occasion in question, and the fact that the officer asked appellant what he had in his suit case, constituted the beginning of an unlawful search, and that therefore the answer of appellant that he had tequila therein constituted evidence obtained by the officer in consequence of an unlawful search, and that the testimony of such statement and the consequent opening of the suit case by appellant and the exhibition of its contents to the officer,—should all be rejected. McCoppy v. State, 9 S. W. Rep. 2d. 741, is the only authority cited. We perceive no analogy between that case and the one before us. In the opinion in said case it seems claimed that the search of a car was without probable cause, but upon consent. It is further stated that after the search of the car had begun the appellant therein said "Go ahead and search," and it is stated by this court that same would hardly be held to give legal consent. We are unable to reach any conclusion by any process of reasoning that the facts are at all similar or that the same conclusion should apply in that case and this.

In the case before us the officer merely walked down to where the accused was and asked him what he had in his suit case, and the latter answered tequila. This court has no disposition to hold that when an officer or other person, without search warrant, starts to go to a car or premises or person of another, or of anyone suspected of having in his possession intoxicating liquor, or other evidence of crime, that an unlawful search has begun; nor would sound sense or reason support the proposition that one asked what, if anything, he had in his car, his house, or in his suit case, who, without compulsion or threats, voluntarily replies,—that such answer should be rejected for the reason that it is evidence unlawfully obtained.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*