JOHN B. CLEGHORN V. THE STATE.

No. 12185.   Delivered January 16, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being four years in the penitentiary.

After about four miles' chase officers overtook appellant and the search of his car revealed sixteen gallons of whiskey, contained in a ten gallon keg, and twelve one-half gallon fruit jars.   The officers had a search warrant, but it was based upon an affidavit made upon information and belief only without stating any facts or information upon which the belief was predicated.   The trial court properly held the warrant invalid.   See Sutton v. State, 300 S. W. 639 for collation of authorities.   The jury was retired and the trial judge heard the evidence of the officer as to what information he had before the search and concluded that it constituted "probable cause" to justify the search in the absence of a warrant.   This evidence so heard by the judge is properly brought before us in a bill of exception.   The only question in the case is whether the court erred in holding that the officer had "probable cause" for the detention and search of appellant's car.   The evidence is too lengthy to be set out in detail and its recital would serve no useful purpose.   In substance it was

that the officer had information that appellant was engaged in the illegal sale of liquor; that he was obtaining it in Sommerville County and bringing it into Erath County for sale. The conduct of appellant on the occasion of the search and arrest corresponded with the information which had come to the officer. We think the learned trial judge not in error in concluding that the search was predicated on "probable cause," and properly admitted evidence as to the result of the search to go to the jury. McPherson v. State, 300 S. W. 936; Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762; Hardiway v. State, 2 S. W. (2d) 455 for collation of authorities.

Finding no error in the record the judgment is affirmed.

*Affirmed.*