### D. W. Carter v. The State.

No. 12721.   Delivered November 6, 1929.
Rehearing denied January 8, 1930.

The opinion states the case.

*Williams & Bell* of Childress for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful transportation of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

That the appellant transported a gallon of whisky was proved. He interposed as a defense that the whisky was for medicinal purposes. The issue was decided by the jury against the appellant.

There are two bills of exceptions relating to the reception of evidence. In lieu of Bill No. 1, prepared by the appellant, is a bill

prepared by the trial judge. The same condition applies with reference to Bill No. 2. From these bills, it appears that Johnson, the officer by whom the appellant was arrested, testified that he had information that the appellant was in the county and knew the description of his car and the first three figures of the numbers of his car; that he was led to believe that the appellant would have whisky in his car. About a week after receiving the information mentioned, the appellant was observed in the town of Hamlin. The testimony mentioned was regarded by the court as inadequate to show probable cause and was withdrawn from the jury. Johnson testified further than when the appellant was first discovered, he was watched and seen to enter his automobile. As another young man was about to enter it, the officer stopped him and said, "I will take your place." He then got in the car with the appellant who, at the request of the officer, drove around on a side street. The officer asked him how much whisky he had in his car, and the appellant replied, "I haven't got any." The officer said, "There ain't no use to yarn about it." Appellant then said, "I got a gallon." The officer then looked in the car and found a gallon of whisky in two half-gallon containers which were covered up with a blanket.

Exception was reserved to the testimony of the officer last above detailed, namely, that he got in the car and asked the appellant if he had any whisky and that the appellant replied that he did, which was found by the officer upon searching the car. The admissibility of the testimony mentioned is the question of law presented for review. That the appellant was taken in custody by the officer without legal authority seems clear. The appellant would have been within his rights to have opposed the arrest and to have driven the officer out of the car. Instead, however, he told the officer that in the car there was a gallon of whisky. Acting upon that statement, the officer was within his rights in making the search. This right resulted from the fact that at the very time the appellant was violating the law by transporting the whisky, and his declaration to that effect was res gestae of the offense. His declaration was not to be excluded by reason of Art. 727a, C. C. P., which provides that no evidence obtained in violation of the statutory law shall be admitted against the accused in a criminal case. The declaration of the appellant that he had the whisky in his car was one that he was not forced to make by any of the circumstances proved. He could have remained silent, and as above stated, could have ousted the officer from his car. Instead, however, he made to the officer a declaration

that there was whisky in his car, which statement was found to be true, and proof thereof was authorized under the exception embraced in the confession statute permitting evidence of one accused while under arrest when his statements led to the discovery of the fruits of the crime. See C. C. P., 1925, Art. 727, also Vernon's C. C. P., 1925, Vol. 2, p. 827, note 12; Singleton v. State, 87 Tex. Cr. R. 302; Moehler v. State, 98 Tex. Cr. R. 238; Montgomery v. State, 101 Tex. Cr. R. 474; Randolph v. State, 101 Tex. Cr. R. 602; Silva v. State, 102 Tex. Cr. R. 415; Rios v. State, 110 Tex. Cr. R. 68. On the facts, the present case is much in line with that of Pena v. State, 12 S. W. (2d) 1015.

Note is taken of the fact that the count of the indictment which was submitted to the jury was the unlawful transportation of intoxicating liquor. In the judgment the offense is described as the unlawful possession of intoxicating liquor. In the sentence the offense is properly described. The judgment will be reformed so as to accord with the charge of the court, the verdict and the sentence, and as so reformed, it is affirmed.

*Affirmed.*

### ON REQUEST TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—The sole question presented in the motion for re-hearing was a claim that the only evidence of a "transportation" came from proof of an extra-judicial confession made by appellant, and that the commission of a crime could not be proved by such confession alone. Such contention was not overlooked. We did not agree with appellant's view of the matter, and thought it unnecessary to write regarding it. What is referred to by appellant as an "extra-judicial confession" is in reality not such in the ordinary acceptation of the term. It was a res gestae statement proved against appellant. The officer saw appellant drive into town and arrested him about thirty minutes later. The officer said in the meantime he "observed" appellant. It may be that the officer did not at all times have his eye on the car, but when the whisky was discovered in it appellant said he had brought it from Oklahoma, explaining that he had the whisky in the car because his mother would not let him keep it at home. Even if appellant's statements came within the rule of pure "extra-judicial confessions" we do not regard the establishment of the commission of a crime to depend alone upon them.

Permission to file second motion is denied.