DICK GRIFFITH v. THE STATE.

No. 14642. Delivered January 13, 1932.
Rehearing Denied March 9, 1932.

238

The opinion states the case.

*Clay Cotten,* of Palestine, and *Justice & Sigler,* of Athens, for appellant.

*T. B. Greenwood, Jr.,* District Attorney, of Palestine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant lived in Tyler, Texas, but on the day of his arrest herein was in Palestine, Anderson county, Texas, and was seen about 4:30 p. m. leaving the home of his brother-in-law, in a Chevrolet coupe. Officers who saw him leaving said he was putting something in the car which looked like sacks. They followed and at a point about a mile out overtook and passed him. They turned their car back in the road, stopped same, and one off the officers got out and started back to the car of appellant. As the officer approached, appellant got out of his car, came meeting the officer, and said "Boys don't search me; I am loaded". The two cars were driven back to Palestine where search of appellant's car disclosed the presence of fifty-two half gallon jars of whisky. Appellant offered no testimony. The state introduced only two witnesses.

Appellant objected to the testimony of officer Ballard who testified that he was present at the time of the finding of a big still in Anderson county about the last of January, 1931, and while guarding two prisoners appellant drove up in a Chevrolet coupe and remarked that if they had come an hour earlier they would have found him loaded instead of empty, and further said that he was unable to make any money in the cattle business and had to haul whisky to make a living. Mr. Ballard said he told both officers, Oldham and Lively, what appellant had said. Messrs. Oldham and Lively were the two officers who followed appellant and arrested him on the occasion involved in the instant case. Mr. Lively was the only one of the two who testified. His testimony was objected to on the ground that the car of appellant was searched without a warrant, and that there was no probable cause justifying said search. Mr. Lively also said during the cross-examination that he relied on what he saw and heard at the time of the search as affording justification.

We see no error in either of the matters complained of. The acts, conduct and statement of appellant at and prior to the time of his arrest by the officers afforded ample ground for a reasonable belief on their part that he was transporting the intoxicating liquor. The statements made by appellant to Mr. Ballard and communicated by the latter to Messrs. Oldham and Lively would be circumstances affording additional ground for the belief of the officers that appellant was loaded and hauling the whisky at the time they saw him leave Palestine. However if there be any question as to the admissibility of the testimony of Mr. Ballard, based upon the statement of Mr. Lively that he only relied on what he saw and heard at the time he stopped appellant on the road,—still in view of the fact that the officers were otherwise entirely justified in searching appellant's car, and that the testimony was plain that he was then engaged in the transportation of whisky, and the further fact that the jury gave to him the minimum penalty, we would hold in any event that the admission of the testimony of Mr. Ballard, if doubtful, would not suffice to bring about a reversal. Appellant cites Tendia v. State, 111 Texas Crim. Rep., 627, 13 S. W. (2d) 849, and McCoppy v. State, 110 Texas Crim. Rep., 569, 9 S. W. (2d) 741, but the facts of said cases are so unlike those involved in the instant case that we do not feel called upon to discuss them. They hold nothing contrary to our conclusion here.

Believing no error appears, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the light of appellant's motion for rehearing we have again carefully examined the facts, but are unable to agree with his contention that the officers were without probable cause in

240

searching appellant's car. The searching officers were in possession of information that not more than two months prior to the present transaction appellant had appeared at a place where other officers had discovered a very large still and had under arrest two men, one of them being Sam Taylor; that appellant at that time said if the officers had come half an hour earlier they would have caught him "loaded instead of empty", that he "could not make any money in the cattle business and had to haul whisky to make a living." On the day of appellant's arrest the searching officers had noticed Sam Taylor and another party putting something in appellant's car. Several hours later the officers followed appellant out of town, drove around him and stopped his car; appellant got out of his car, met the officers, and asked them not to search him as he was loaded. This remark, in connection with the information already had by the officers, occurs to us as ample ground for the subsequent search.

It is urged that the statement made by appellant at the time he was stopped by the officers should not be considered because it is claimed the search had already commenced when the officers stopped the car. We do not go into a discussion of that matter, but the facts are very similar to those found in Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659 and Pena v. State, 111 Texas Crim. Rep., 218, 12 S. W. (2d) 1015. See also Williams v. State, 118 Texas Crim. Rep., 369, 40 S. W. (2d) 144; Johnson v. State, 118 Texas Crim. Rep., 293, 42 S. W. (2d) 422.

Appellant's motion for rehearing is overruled.

*Overruled.*