## L. G. GARTMAN V. THE STATE.

No. 15420.   Delivered December 14, 1932.
Rehearing Denied February 22, 1933.
Reported in 57 S. W. (2d) 137.

The opinion states the case.

*Lovett & Lovett,* of Corsicana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful transportation of intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

Observing the appellant driving his automobile upon the highway about six o'clock in the morning, two officers followed his car for several blocks. Upon overtaking him, the officers drove up to the side of the appellant's car and told him to pull his car over and stop, which he did. Officer Westbrook, according to his testimony, got out of his car and walked over to the appellant and asked him what he had in the car. Appellant replied that he had some whisky. The officer then walked to the rear of the car, raised the cover of the turtleback, and found eighteen gallons of whisky. At the time the appellant was called upon to stop his car, it was the intention of the officers to search it. Prior to commanding the appellant to stop, the officers had observed nothing in the car in the way of intoxicating liquors. No liquor was observed until the officers raised the turtleback of the car.

Testimony was introduced on behalf of the appellant to the effect that Officer Westbrook, who gave the testimony mentioned above, had, in a conversation with the witness Lovett, stated that after the appellant was stopped upon the highway he made no statement concerning having whisky in his car, and, if he said anything, the officer did not recall it.

The county attorney testified upon behalf of the state that Westbrook, while before the grand jury, stated that at the time the appellant stopped his car, and, replying to a question from Westbrook, said that the car contained whisky.

The following is reflected by bill of exception No. 1: State's counsel said to Officer Westbrook: "Had you ever arrested Gartman before, there on that road?"

Objection to the question was sustained by the court. In the bill prepared by the appellant, however, it is claimed that the witness gave an affirmative answer to the question before the court had time to announce his ruling. In approving the bill, the court does not certify to the correctness of such assumption, but, on the contrary, states that he promptly sustained the objection to the question and heard the witness make

14

no answer, and that no request was made to withdraw any supposed answer of the witness.

Bill of exception No. 2 reflects the complaint of the failure of the court to instruct the jury that if the appellant made no statement that he had whisky in his car before Westbrook made the search of the car, and there was no probable cause for searching the appellant's car, there should be an acquittal. In approving the bill of exception, the court made a part thereof the testimony of the witness Westbrook given before the court, but not within the hearing of the jury; the substance of such testimony being that, two weeks before the transaction upon which this prosecution is founded, the appellant, on the same road upon which his present arrest took place, was chased about a mile or a mile and a half and finally overtaken, at which time he was driving the same car as that in which he was arrested on the present occasion, and had whisky in his possession; that the officer knew of no business in which the accused was engaged, but had information from different sources that he was engaged in the liquor business; that in addition to the search as above mentioned; the appellant had been searched in other places and had been indicted in other cases.

In view of the testimony heard before the court in the absence of the jury touching the subject of probable cause to make the search, the action of the court in refusing to give the charge prepared by the appellant, which ignored some of the main facts bearing upon the subject of probable cause, is not thought to have been error. The court, in his main charge, gave an instruction upon the subject of probable cause, against which there was directed by the appellant no objection, and which was adequate under the evidence before the jury. The matter of adequate cause having been investigated out of the hearing of the jury, its sufficiency really became a question for the court. McPherson v. State, 300 S. W., 936; Maxwell v. State, 51 S. W. (2d) 334.

The reception of the evidence showing the testimony of Westbrook before the grand jury is made the subject of bill of exception No. 3. The appellant having introduced testimony to the effect that Westbrook, out of court, had made a declaration to the effect that before the arrest of the appellant he made no statement that his car contained whisky, which declaration was inconsistent with the testimony of Westbrook given upon the trial, it was competent for the state to introduce evidence, which it did, to the effect that Westbrook gave before the grand jury testimony touching the declaration of the appellant mentioned, which was consistent with and in substance the same as

that which Westbrook gave upon the trial. The ruling of the court in receiving such testimony is sanctioned by many authorities, some of which are cited by Mr. Branch in his Ann. Tex. P. C., page 111.

In bill of exception No. 4 the contention is advanced in substance that the court was in error under the facts revealed in taking into account the evidence that the appellant had eighteen gallons of whisky in his car, and in refusing to instruct the jury to disregard such evidence and acquit the appellant. The circumstances detailed by the witness Westbrook as occurring antecedent to the search of the appellant's car, namely, the previous knowledge of the witness touching the appellant's transactions in intoxicating liquor and particularly the declaration of the appellant before the search was made as claimed by the witness Westbrook that the car contained whisky, were sufficient to justify the search of the appellant's car. Precedents on the subject are Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659; Young v. State, 27 S. W. (2d) 801; Chapman v. State, 36 S. W. (2d) 742.

It appears from bill of exception No. 5 that the appellant sought a peremptory instruction of not guilty. The argument upon the subject dealt with the matter of conflict of evidence between the testimony of Westbrook and the testimony of Lovett, as to whether prior to the search there was made by the appellant the declaration that his car contained whisky. From the bill it is made to appear that in the discussion of the matter mentioned, that is, the seeking of an instructed verdict of acquittal, the district attorney, in the hearing of the jury, made reference to the fact that the appellant had been previously charged with violations of the law, and appellant contends that the remark mentioned demands a reversal of the judgment. There appears no request that the jury be withdrawn during the argument on the law question, nor does it seem that in referring to the testimony mentioned the state's attorney went out of the record or beyond the bounds of legitimate debate.

The judgment is affirmed.

*Affirmed.*