## ALBERT PORTER v. THE STATE.

No. 16142. Delivered November 22, 1933.
Rehearing Denied January 10, 1934.
Reported in 67 S. W. (2d) 292.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in penitentiary for two years.

Appellant was driving his automobile down a street in the town of Weinert when two or three men got on the running board of his car. Carrying these men with him, appellant drove across the railroad track and stopped at a gin. A peace officer went to the point where appellant stopped his car and watched. At this juncture we quote the testimony of the officer as follows: "When he (appellant) seen me he broke and run for his car, and had got in his car and backed it up, and just as he started forward I stepped on the side of his car, and he stopped. I says, 'Where is the whisky?' and he says, 'In the back end of the car,' and I says, 'Is it locked?' and he says, 'No,' and I raised it up and there it was, in three cases. In one case there

was 12 half-gallon jugs, in another case 4 gallons, in half-gallon jugs, and 4 pints, and in another case, or another box there was a lot of pint bottles, empty bottles in the other one. * * * I checked up to see how much whisky in all there was in the car; there was ten and a half gallons."

Placing appellant under arrest, the officer carried him back to town and delivered him to the sheriff. The sheriff and one of his deputies testified to receiving the ten and a half gallons of whisky from appellant's car.

Appellant offered no testimony.

The first bill of exception relates to the action of the trial court in refusing to enforce the rule as to the sheriff and deputy sheriff, both of whom were witnesses on behalf of the state. It is shown in the bill of exception prepared by the court that the sheriff and deputy sheriff were officers in attendance upon the court, and that their presence in the courtroom was necessary, it being disclosed by the recitals of the bill that there was another defendant seated within the rail awaiting the verdict of a jury; and, further, that there was a large crowd of spectators in attendance upon the court. We are constrained to hold that the bill of exception fails to present error. It is well settled that the sheriff and his deputy, or other officers of the court whose services are necessary about the courtroom may be excused from the rule. Branch's Annotated Penal Code, sec. 348; Williams v. State, 37 Texas Crim. Rep., 147; Brite v. State, 43 S. W., 342; Johnican v. State, 48 S. W., 182; Siars v. State, 63 Texas Crim. Rep., 567; Holmes v. State, 156 S. W., 1176. In Branch's Annotated Penal Code, sec. 344, we find the following statement: "A wide discretion is confided in the trial judge with regard to the application and the extent of the application of the 'rule' to the witnesses, and the exercise of this discretion will not be revised on appeal except in clear cases of abuse."

In support of the text, many authorities are cited, among them being Hedrick v. State, 51 S. W., 252; Powell v. State, 99 S. W., 1005.

As shown in bill of exception No. 2, appellant objected to the testimony of the officer touching the result of the search. It appears from the recitals of the bill that the officer had no search warrant or warrant of arrest. On the question of probable cause, the officer testified, in the absence of the jury, that he had seen appellant in the town of Weinert many times; that he had been advised by many people that appellant was a bootlegger; that they had described appellant's car to him and advised him that he carried liquor in his car; that, further, they

had advised him that appellant came to town two or three times a week with a load of whisky; that one Kirkpatrick told him he had been trying to catch appellant, as he was using his car to carry whisky in, and that it was always loaded with whisky; that Kirkpatrick also gave him the number of the car; that he had watched for the car and the particular number; that on the day of the arrest he saw appellant go down the street in the car that had been described to him; that he went to the place where appellant stopped his car, believing that he had a load of whisky; that upon seeing him, appellant ran to his car and tried to get away; that he got on the running board of the car, saying to appellant, "Where is the whisky?"; that appellant replied, "In the back end of the car"; that he said, "Is it locked?" and appellant answered, "No"; that he opened the car and found the whisky where appellant said it was.

In Carter v. State, 22 S. W. (2d) 659, the arresting officer had been watching Carter's automobile. As another man started to get into the car with Carter, the officer stepped up and said: "I will take your place." He then got in the car with Carter, who, at the request of the officer, drove around on a side street. The officer asked him how much whisky he had in his car, and Carter replied: "I haven't got any." The officer said: "They ain't no use to yarn about it." Carter then said: "I got a gallon." The officer then looked in the car and found a gallon of whisky. In reaching the conclusion that there was no error in receiving the testimony of the officer touching the result of the search, this court, speaking through Presiding Judge Morrow, used language as follows: "That the appellant was taken in custody by the officer without legal authority seems clear. The appellant would have been within his rights to have opposed the arrest and to have driven the officer out of the car. Instead, however, he told the officer that in the car there was a gallon of whisky. Acting upon that statement, the officer was within his rights in making the search. This right resulted from the fact that at the very time the appellant was violating the law by transporting the whisky, and his declaration to that effect was res gestae of the offense. His declaration was not to be excluded by reason of article 727a, C. C. P., which provides that no evidence obtained in violation of the statutory law shall be admitted against the accused in a criminal case. The declaration of the appellant that he had the whisky in his car was one that he was not forced to make by any of the circumstances proved. He could have remained silent, and, as above stated, could have ousted the officer from his car. Instead, however, he made to the officer a declaration that there was

whisky in his car, which statement was found to be true, and proof thereof was authorized under the exception embraced in the confession statute permitting evidence of one accused while under arrest when his statements led to the discovery of the fruits of the crime. See Code Cr. Proc., 1925, art. 727; also, Vernon's C. C. P., 1925, vol. 2, p. 827, note 12; Singleton v. State, 87 Texas Crim. Rep., 302, 221 S. W., 610; Moehler v. State, 98 Texas Crim. Rep., 238, 265 S. W., 553; Montgomery v. State, 101 Texas Crim. Rep., 474, 276 S. W., 250; Randolph v. State, 101 Texas Crim. Rep., 602, 276 S. W., 707; Silva v. State, 102 Texas Crim. Rep., 415, 278 S. W., 216; Rios v. State, 110 Texas Crim. Rep., 68, 7 S. W. (2d) 535. On the facts, the present case is much in line with that of Pena v. State, 111 Texas Crim. Rep., 218, 12 S. W. (2d) 1015."

In Gartman v. State, 57 S. W. (2d) 137, officers followed Gartman, who was driving his car upon a highway. Upon overtaking him, they drove up to the side of his car and told him to pull his car over and stop, which he did. One of the officers got out of his car and walked over to Gartman, and asked him what he had in the car. He replied that he had some whisky. The officer then walked to the rear of the car, raised the turtle-back and found eighteen gallons of whisky. At the time Gartman was called upon to stop his car it was the intention of the officers to search him. Prior to commanding him to stop, the officers had observed nothing in the car in the way of intoxicating liquor. No liquor was observed until they had raised the turtleback of the car. In reaching the conclusion that there was no error revealed in receiving the testimony of the officers touching the result of the search, we cited Carter v. State, supra.

In Martin v. State, 54 S. W. (2d) 812, the officers testified that they suspected that Martin's car contained whisky. The record contained no information as a basis for such suspicion, save the fact that one of the officers said that Woodward, who was with Martin, was known to be a bootlegger. The officers turned their car around and followed Martin's car, overtook it, and as they passed, signalled him to stop, and cut their car in front of his car. One of the officers got out of the car in which they were riding, went back to Martin's car, and said to him: "Bud, what have you got there?" to which question Martin answered that they had thirteen half-gallons of whisky. Upon receiving the answer indicated, the officer opened the car door and found between the back and front seats the thirteen half-gallon jars of whisky mentioned by Martin. It was urged that the facts failed to show probable cause. In reaching the con-

clusion that the objection to the testimony touching the result of the search was not well taken, Carter v. State, supra, was cited. See, also, Johnson v. State, 42 S. W. (2d) 421; Newman v. State, 45 S. W. (2d) 602; Griffith v. State, 46 S. W. (2d) 1007; Young v. State, 27 S. W. (2d) 801; Pena v. State, 12 S. W. (2d) 1015.

The case of Williams v. State, 40 S. W. (2d) 142, is distinguishable from the cases to which reference has been made. In that case it was shown that the whisky had been discovered in the car by virtue of a search made by one of the arresting officers prior to the time that Williams made the declaration to the other officer that he had whisky in the car. In reaching the conclusion that the search was illegal, this court said:

"If an illegal search is made, and coincident with it the accused makes a declaration which leads to the finding of the contraband article, proof of the finding of the contraband upon information obtained by the declaration of the accused becomes admissible, but where, as in the present case, the search was illegal, and the liquor was observed as a result of the search before the declaration was made, the finding of the liquor must be attributed to the illegal search and not to the subsequent declaration."

It is observed that, in Williams' Case, the holding in Carter v. State, supra, was expressly approved. The facts of the case at bar relative to the search make applicable the holding in Carter's Case. Hence we are constrained to hold that the testimony of the officers touching the result of the search was properly received.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again carefully examined bill of exception No. 1 and are unable to agree with appellant's renewed contention that the court abused its discretion in excusing the officers of the court from operation of the rule as to witnesses.

Appellant insists that the principle announced in Carter v. State, 22 S. W. (2d) 659; Gartman v. State, 57 S. W. (2d) 137; Martin v. State, 54 S. W. (2d) 812, and in other cases of similar import is fundamentally wrong. We fail to perceive necessity

for reviewing the cases or writing further supporting the principle for the reason that the testimony of the officer who arrested appellant and searched his car was unquestionably admissible independent of anything appellant said when questioned by the officer. Of the hundreds of cases reviewed by this court where the issue was probable cause to search an automobile in the absence of a search warrant, scarcely any of them present a stronger case of probable cause than is revealed from the present record. In the discussion of bill of exception No. 2 in our original opinion we set out in condensed form the advance information upon which the officer acted. It would extend this opinion unnecessarily to elaborate or state it more in detail. If appellant had made no response to the officer's question based upon the advance information in his possession, the officer would have been authorized to proceed with a search of appellant's car and to have broken into it had it been necessary to have done so in making the search effective. See Carroll v. U. S., 267 U. S., 132, 69 L. Ed., 543, 39 A. L. R., 790; Whitworth v. State, 105 Texas Crim. Rep., 641, 290 S. W., 764; Straley v. State, 106 Texas Crim. Rep., 130, 290 S. W., 766; Plant v. State, 106 Texas Crim. Rep., 330, 292 S. W., 550; Weaver v. State, 59 S. W. (2d) 396; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Rochelle v. State, 107 Texas Crim. Rep., 79, 294 S. W., 860; Silver v. State, 8 S. W. (2d) 144; Cleghorn v. State, 12 S. W. (2d) 1033; McPherson v. State, 111 Texas Crim. Rep., 558, 15 S. W. (2d) 633; Bullock v. State, 112 Texas Crim. Rep., 313, 16 S. W. (2d) 1077; Husty v. U. S., 282 U. S., 694, 75 L. Ed., 629.

The motion for rehearing is overruled.

*Overruled.*