AL WILSON V. THE STATE.

No. 16714:  Delivered May 16, 1934.
Rehearing Denied June 6, 1934.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

The evidence was, in substance, as follows: The sheriff of Hunt County arrested Sheffield King, Floyd Kelley, Marvin Lands, and appellant on a highway in Hunt County. The parties were transporting 31 gallons of whisky in a Model A, Ford Sedan, which was being driven by appellant.

Appellant failed to testify in his own behalf, and introduced no witnesses.

Appellant brings forward a bill of exception in which he complains of the testimony of the sheriff touching the result of the search. No search warrant had been issued. We deem it unnecessary to set out the circumstances relied upon to show probable cause. Prior to the search and discovery of the liquor appellant and his companions made a declaration to the sheriff that there was whisky in the car. Under the circumstances, the testimony of the sheriff was properly received. Carter v. State, 22 S. W. (2d) 659; Gartman v. State, 57 S. W. (2d) 137; Martin v. State, 54 S. W. (2d) 812; Porter v. State, 67 S. W. (2d) 292. Again, appellant's co-transporters testified to the fact that the whisky was in the automobile. This testimony was unobjected to and no objection thereto would have been tenable. It follows that, if it should be conceded that the testimony of the sheriff was improperly received,—and this is not conceded,—the matter would present harmless error.

A careful examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we were wrong in holding admissible the testimony of the sheriff as to the result of a search of his car. The matter has been again examined. Every reason advanced in our original opinion for holding the testimony not improperly received, seems well supported. It is the settled law of this State that testimony on a given point admitted over objection, will not be cause for reversal if the same or similar testimony be admitted without

objection. Two or three other witnesses testified to the same facts as did the sheriff. No objection was made to their testimony.

The sheriff testified that before he made any search of the car he was told, and also observed,—that liquor was in the car. In such case he had the right to search the car.

The motion for rehearing will be overruled.

*Overruled.*