O. B. COTHREN V. THE STATE.

No. 20150.  Delivered February 8, 1939.
Rehearing Denied March 22, 1939.

464

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale in dry territory, punishment assessed being a fine of one hundred and twenty-five dollars.

The sheriff of San Saba County testified that on the night of April 12, 1938, he received a telephone call from Llano advising him that a car was coming towards San Saba with a "good load," giving him the number and description of the car. The sheriff went out on the road about ten miles and presently appellant and his wife came along in a car corresponding in

number and description to the one described in the telephone call. The sheriff followed and stopped them. He knew appellant and asked what he had in the car and appellant said, "He guessed he had too much beer." The sheriff then looked the car over and found it contained ninety-six bottles of beer, there being one full case of twenty-four bottles and six half cases containing twelve bottles each. The sheriff had no warrant of arrest, no search warrant, and no permission from appellant to search the car. Appellant did not testify and presented no evidence.

Appellant objected to the sheriff's testimony regarding the contents of the car on the ground that the arrest was illegal and the search unauthorized in the absence of a search warrant.

Appellant cites Moss v. State, 117 S. W. (2d) 428 and Weeks v. State, 106 S. W. (2d) 275, to support his position that the arrest was illegal. Weeks' case was decided in May, 1937, and Moss' case in 1938 on a transaction which occurred in March, 1937. At the time the offense in each of the cases mentioned occurred the Legislature had not authorized arrests without warrant for the offense here charged, hence the holding that the arrests in the foregoing cases were illegal. By Act of the 45th Legislature, page 1089, Sec. 30, Art. 1, Ch. 467, Acts of 2d C. S., 44th Legislature was so amended as to authorize an arrest for the offense here charged without a warrant. The amended statute became operative on September 1, 1937, and was effective when the arrest here was made on April 12, 1938. The amended law is carried forward in Vernon's Tex. P. C. Vol. 1, as Art. 666-30. For opinion making application of the present statute see Eproson v. State, 120 S. W. (2d) 1073. The arrest of appellant being legal the search of his car was authorized. Linthicum v. State, 116 S. W. (2d) 714 and many authorities therein cited. The amended statute just referred to also authorizes the search and seizure "without warrant" of all contraband liquor. Under the two provisions pointed out it occurs to us that officers now have the same right to search a vehicle upon probable cause as under the former state-wide prohibition law, that is, where the searching officer prior to the search has knowledge or information of facts constituting probable cause. The subject will be found treated in 38 Tex. Jur., Secs. 60-68, p. 85, etc., with many cases annotated in the footnotes which illustrate our holding upon the phases arising under varying facts. It appears from the facts here present that the sheriff had information amounting to probable cause even before he stopped appellant's car. As particularly applicable in view of appellant's answer to the officer's inquiry to the effect

that he (appellant) guessed he had too much beer in his car we cite the following cases. Pena v. State, 111 Tex. Cr. R. 218, 12 S. W. (2d) 1015;Carter v. State, 113 Tex. Cr. R. 433, 22 S. W. (2d) 659; Williams v. State, 118 Tex. Cr. R. 369, 40 S. W. (2d) 142; Johnson v. State, 118 Tex. Cr. R. 293, 42 S. W. (2d) 421; Blackburn v. State, 125 Tex. Cr. R. 180, 66 S. W. (2d) 697; Porter v. State, 125 Tex. Cr. R. 163, 67 S. W. (2d) 292.

Appellant complains that the trial court made a mistake amounting to a fundamental error in authorizing punishment by fine of not less than one hundred nor more than one thousand dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment, under the provision of Art. 666-41, Vernon's Ann. Tex. P. C., Vol. 1, same being Sec. 41 of Art. 1, Acts 1937, 45th Legislature, page 1053. He cites Moran v. State, 122 S. W. (2d) 318, as supporting his complaint. We fail to see the application of the Moran case to the one now under consideration. There we pointed out a confusion of penalties where accused was being prosecuted for having possession of whisky on premises upon which a permit had been granted to sell beer only. No such confusion exists in the penalty prescribed for the offense in the instant case.

Finding no error in the record presenting cause for reversal, the judgment is affirmed.

### ON MOTION FOR REHEARING

GRAVES, JUDGE.—Appellant urges in his motion herein that the trial court erred in charging the jury as to the penalty provided by law for the offense of the unlawful possession of beer for the purpose of sale in a dry area. His contention is that the penalty for the possession of beer in a dry area, for the purpose of sale, is by a fine of not less than twenty-five dollars nor more than five hundred dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment, as found in Article 667-26, Vernon's Texas Statutes, 1938 Supplement Penal Code, it being a portion of H. B. 5, 45th Legislature. In our judgment this penalty is provided as punishment for one who is transporting beer from one wet area to another wet area, through a dry area, who fails to provide himself with a written statement furnished and signed by the shipper of said beer, showing the name and address of the consignor and the consignee, the origin and destination of such shipment, etc.

We think that the punitive article denouncing the possession of beer for the purpose of sale is found by a reference to Article 1 of such H. B. 5, Section 5, as shown under Art. 666-4 (b) of said Vernon's Supplement, supra, as follows: "(b) It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale, to bottle, rectify, blend, treat, fortify, mix or process any liquor, distilled spirits, whisky, gin, brandy, wine, rum, *beer* or ale."

We then find under this same article, shown as Article 666-41, the following: "Any person who violates any provision of Article 1 of this Act for which a specific penalty is not provided shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for not more than one year."

In our judgment this is the penalty provided for the unlawful possession, for the purpose of sale, of beer in a dry area. We note that the county judge instructed the jury relative to the penalty as just above quoted, except that he went further and added at the last "or by both such fine and imprisonment." However, we note that the punishment herein awarded the appellant was only a fine of $125.00, and we can see no basis for a complaint herein by the appellant as he was not called upon to suffer from both such fine and imprisonment, but was merely assessed a pecuniary fine. See Terrell v. State, 174 S. W. Rep. 1091. In the latter portion of our original opinion we had no intention of holding that the proper penalty herein contained the provision of an alternative punishment of both such fine and imprisonment, but we merely do hold that the mistake in such charge did not injure the appellant.

The motion for rehearing is overruled.